[L. A. No. 850.    Department Two. — June 8, 1901.]

J. F. CONROY, Respondent, v. WILLIAM G. WATERS, Appellant.

ACTION — COUNT UPON NOTE — FINDINGS — ERRONEOUS JUDGMENT FOR VALUE OF SERVICES. — Where the complaint in an action, in its first count, set forth a promissory note only, and the court found that, by the terms of a contract of employment between the parties, nothing was due upon the note, a further finding, as to the reasonable value of the services rendered in such employment, was outside of the issues, and it was error to render judgment therefor upon such count.

ID. — COUNT FOR SERVICES — AGGREGATE CHARGE FOR SEVERAL ITEMS — FINDINGS — SEGREGATION OF ITEM. — Upon a second count for services as an attorney in three several matters of litigation, where the complaint made an aggregate charge for the whole, and the court eliminated two of the matters of litigation, as having been included in the special contract of employment set forth under the first count, and allowed no other claim for services under that count than for the first matter of litigation described, it was proper for the court to segregate such item, and to find the value of the services rendered therein.

ID. — ACCOUNTING OF JOINT PROPERTY — FINDINGS — JUDGMENT. — Where the third count in the complaint set forth that defendant had been in the custody, management, and control of certain wool, sheep, and lambs, the joint property of plaintiff and defendant, and that the defendant had sold some thereof, of a value unknown to plaintiff, and sought an accounting thereof, and the recovery of the value of plaintiff's share, findings which substantially cover all of the issues joined thereupon, and show the extent of plaintiff's share in the property, and that a specified sum was due to the plaintiff from the defendant, upon the accounting, as plaintiff's share of the net proceeds of sales made by the defendant, are sufficient to support a judgment for such sum.

ID. — ASSOCIATION OF PLAINTIFF WITH HIS ATTORNEY — HARMLESS IRREGULARITY. — Where the plaintiff was an attorney at law, an order allowing him to be associated with his attorney, as an attorney in the case for himself, if it be an irregularity, is harmless, and not ground of reversal of a judgment for the plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County. D. K. Trask, Judge.

The facts are stated in the opinion of the court.

William J. Hunsaker, and Hunsaker & Freeman, for Appellant.

Lucien Earle, and J. F. Conroy, for Respondent.

HENSHAW, J.—Plaintiff's complaint charged in three counts. The first was a simple action upon a promissory note for $750, executed by defendant to plaintiff; the second was for the value of professional services rendered by plaintiff to defendant as his attorney at law, made up of several items, and aggregating the sum of $800; the third charged that defendant had been in the custody, management, and control of certain wool, sheep, and lambs, the joint property of plaintiff and defendant, and that he had sold some of this property, of a value unknown to plaintiff. An accounting was demanded, and a recovery for the value of plaintiff's share. Defendant answered by denials, by special defenses, and by a cross-complaint. The issues presented by these pleadings will be more specifically adverted to as occasion may require. The court made voluminous findings, and gave judgment for plaintiff in the sum of $793.60, from which judgment defendant appeals. It is urged against the judgment that the findings are in themselves so conflicting and self-destructive in essential particulars that the judgment thereon cannot be supported. While the findings are undoubtedly open to criticism in this regard, yet we think that sufficient appears from them without conflict to sustain the judgment, if in other respects it is tenable.

Upon the first count the court found that by reason of the nature of the contract of employment between plaintiff and defendant in regard to certain litigation, nothing whatever was due upon the promissory note. However, it proceeded to find that the value of plaintiff's services in the matter of this litigation was five hundred dollars, and upon a *quantum meruit* gave judgment accordingly. But plaintiff was entitled to recover only upon the issues made. His action was upon a promissory note. The finding as to the value of the services was entirely without the issues, and cannot stand.

Upon the second count, — that for eight hundred dollars, value of services rendered,— the court allowed judgment for twenty dollars upon a single item. Plaintiff's statement grouped three particulars, as follows: "1. To retainer and services in cause of Pacific Coast Steamship Company; 2. To

retainer and services in the cause of *Waters* v. *Superior Court;* 3. To retainer and services in cause of *Basford* v. *Waters,—* $750." The court refused to allow anything for services in the two last-mentioned cases, upon the ground that they were rendered under the special contract between the parties, and, eliminating them, found the value of the services in the case of the Pacific Coast Steamship Company to be twenty dollars. Appellant objects that as respondent had grouped the three items, and put a single charge of $750 for the value of the services in all, it was improper to segregate the items and allow him judgment for any one of them. We think, however, that the course pursued by the court was proper and legal.

As to the third, objection is made to the sufficiency of the findings, in that they do not distinctly declare that plaintiff and defendant were joint owners of the property; that they do not distinctly declare what the joint property was, or that defendant had sold any of it, or that plaintiff had a third interest in it; but the findings sufficiently show a conveyance by defendant to plaintiff of an undivided one-third interest in his real and personal property on San Miguel Island; that plaintiff and defendant afterward conveyed to the San Miguel Island Company their title to the island and its personal property, reserving, however, for their use, all sheep and lambs then on the island, in excess of three thousand, together with all wool, clipped and unclipped; "that said wool, sheep, and lambs reserved as aforesaid was held, owned, and possessed by plaintiff and defendant jointly; that said defendant was given by plaintiff and retained charge, care, and management of the joint property; that defendant claims to have disposed of same, and refuses to give any account thereof to plaintiff; that due demand therefor was made by plaintiff upon defendant; that defendant admits that he has sold some of the joint property, and received as net proceeds of said sales, $802.85; that the one-third share of plaintiff in said proceeds is $273.60; that defendant has converted said proceeds to his own use; that defendant is indebted to plaintiff in said sum of $273.60." These findings are certainly sufficient. And so, without unnecessary discussion, we think are the findings against the cross-complaint of defendant, which charged concealment and fraud upon the part of the plaintiff, by which defendant was induced to enter into the contract in question.

Appellant further objects that plaintiff, who is an attorney at law, licensed to practice before all the courts of this state, was represented upon the trial by Lucien Earle, his attorney of record, and that upon motion of Lucien Earle, plaintiff himself was by order of court "associated" with said Earle as attorney in the case. It is contended that this was a special privilege conferred upon the plaintiff, whereby he was allowed not only to appear by attorney, but at the same time to appear in person. Whatever irregularity may be detected in this order of court, we think it sufficient to say that it was clearly an irregularity without injury, and that no reversal of the cause should be had for the assigned reason.

It follows, therefore, that the judgment of the court, so far as it is based upon the findings directed to the first count of the complaint, must be reversed. In other words, under the pleadings and findings plaintiff is entitled to a judgment for $20 upon the second count, and for $273.60 upon the third court.

The judgment is ordered modified to this extent, and upon the first count a new trial is ordered, with leave to the respective parties to amend their pleadings if they shall be so advised.

McFarland, J., and Temple, J., concurred.

Hearing in Bank denied.