[Civil No. 866.   Filed March 30, 1905.]

[80 Pac. 357.]

BEAUCHAMP H. SMITH, Plaintiff and Plaintiff in Error, v. THE KING OF ARIZONA MINING AND MILLING COMPANY et al., Defendants and Defendants in Error.

1. CHANGE OF VENUE—APPLICATION FOR—NOTICE—REV. STATS. ARIZ. 1901, PAR. 1381, CONSTRUED.—An application for a change of venue is properly denied where the party applying has failed to give five days' notice to opposite party, as required by paragraph 1381, *supra.*

2. SAME—SAME—MUST BE MADE WHEN—REV. STATS. ARIZ. 1901, TIT. 17, CHAP. IX, CONSTRUED.—After a cause has been tried and is ready for argument, an application for a change of venue is too late.

3. TRIAL—NONSUIT—VOLUNTARY—DOES NOT AFFECT DEFENDANT'S RIGHT TO JUDGMENT ON CROSS-COMPLAINT—REV. STATS. ARIZ. 1901, PAR. 1396, CONSTRUED.—Paragraph 1396, *supra,* providing that ''at any time before the jury have retired the plaintiff may take a nonsuit, but he shall not thereby prejudice the right of the adverse party to be heard on his own claim for affirmative relief.   When the case is tried by the judge, such nonsuit may be taken at any time before the decision is announced,'' means that, whether the case is tried to a jury or by the judge, the taking of the nonsuit by the plaintiff shall not prevent a defendant from being heard and obtaining judgment upon his cross-complaint.

4. CROSS-COMPLAINT — SUFFICIENCY — WAIVER OF DEFECTS. — Where a cross-complaint contains sufficient allegations of fact to support the judgment, and there was no fundamental defect therein, all others were waived by plaintiff in error by withdrawing his demurrer, filing an answer and raising an issue of fact, and introducing evidence in support thereof, without objecting to the sufficiency of the cross-complaint.

5. JUDGMENT—ENTERED IN MAY TERM AS OF OCTOBER TERM—HARMLESS ERROR.—Where the court erroneously treated the October term as

being open and existing simultaneously with the May term, and entered judgment in the May term as of the October term, the error was harmless, plaintiff in error not being thereby denied any of his rights.

ERROR to the District Court of the First Judicial District in and for the County of Pima. George R. Davis, Judge. Affirmed.

On appeal to the United States Supreme Court.

The facts are stated in the opinion.

J. F. Conroy, for Plaintiff in Error.

E. S. Ives, for Defendants in Error.

SLOAN, J.—The plaintiff in error brought suit in the district court of Maricopa County against the King of Arizona Mining and Milling Company, Hiram W. Blaisdell, Eugene S. Ives, Epes Randolph, John H. Morton, and S. Morgan Smith, to reform and enforce a certain contract made February 21, 1899, and to annul as fraudulent a certain writing dated August 30, 1900, executed by the defendant S. Morgan Smith in favor of the King of Arizona Mining and Milling Company. All the defendants appeared and answered to the complaint. In the answer of the defendant Blaisdell appeared a pleading which began in the following words: "This defendant, for a further and separate answer to the said amended complaint, and by way of cross-complaint against the plaintiff and the defendant S. Morgan Smith, alleges and avers." Then followed certain averments to the effect that three certain promissory notes had been executed by the defendant Blaisdell, one drawn to the order of Gregory Perkins, Jr., and the other two drawn to the order of the defendant S. Morgan Smith; that at the time of the execution of the agreement of August 30, 1900, referred to in the plaintiff's complaint, these notes were in the possession and under the control of said defendant S. Morgan Smith, and that under and by virtue of said agreement said S. Morgan Smith had agreed to deliver up the said notes to the King of Arizona Mining and Milling Company to be canceled; that said agreement was made for a valuable consideration passing to Smith from Blaisdell, and was made for the

benefit of Blaisdell; that the plaintiff, Beauchamp H. Smith, had wrongfully and unlawfully procured possession of said notes under a claim of ownership, and under a claim that the defendant S. Morgan Smith had no authority to agree to deliver up the same to the King of Arizona Mining and Milling Company. The pleading contained the prayer that the said notes be declared paid, and that plaintiff be required to deliver up the same for cancellation. The defendant the King of Arizona Mining and Milling Company filed a similar pleading. To these pleadings the plaintiff in the action filed demurrers. These demurrers were subsequently withdrawn, and answers filed denying the facts therein set forth. The case was subsequently, on change of venue, transferred to the district court of Pima County, and in the latter court, on the twenty-fifth day of March, 1903, came on for trial. Upon the trial evidence was introduced by plaintiff to sustain the issues raised by him in his complaint. The defendants Blaisdell and the King of Arizona Mining and Milling Company introduced evidence to sustain their claim for affirmative relief set forth in their answers, and, after they had rested, the plaintiff, in rebuttal, introduced certain evidence and rested his case. After the evidence had been closed, by agreement of the parties, the case was continued until April 17, 1903, for argument, on which day the attorney for plaintiff appeared and suggested the death of the defendant S. Morgan Smith, and upon his motion the court ordered that further proceedings be postponed until Monday, the eighteenth day of May, 1903. On the latter date, by order of the court, one S. W. Purcell, as special administrator of the estate of S. Morgan Smith, was substituted as a party defendant in place of S. Morgan Smith, deceased. On the same day the plaintiff, by his attorney, filed a motion for a change of venue, supported by an affidavit which alleged that he could not have a fair trial because "of the bias or prejudice or interest of said judge." The motion for the change of venue was denied by the court. Thereupon the plaintiff moved for an order allowing him to take a voluntary nonsuit as to the cause of action set up in the complaint. The nonsuit was allowed but the court ordered that the hearing proceed upon the cause of action stated in the cross-complaint filed by the defendants the King of Arizona Mining and Milling Company and Hiram W. Blaisdell, and upon the

latter rendered judgment in favor of said defendants and against the plaintiff. The judgment contained the order that it be entered *nunc pro tunc* as of the third day of April, 1903.

It is contended by plaintiff in error that the judgment so rendered was void for want of jurisdiction,—1. Because the affidavit for change of venue disqualified the judge of the court below from further hearing the cause; 2. Because the court lost jurisdiction to enter judgment after the nonsuit of plaintiff had been entered of record; and 3. Because the cross-complaint of the defendant Blaisdell did not state a cause of action.

The assignment of error as to the court's ruling denying the change of venue is disposed of by a reference to the record, which does not disclose that the notice required by paragraph 1381 of the Revised Statutes of 1901, had been given to the defendants; on the contrary, it would appear from the minutes of the court that no such notice had been given. In addition to that, however, we think the application came too late; the cause had been tried, and was then ready for argument. To construe the statute as entitling a party to a change of venue at once upon filing his affidavit at any stage of the trial or proceeding would work great hardship and injustice, and in many cases would operate to grant parties the right to a new trial they otherwise would not be entitled to and could not obtain. It frequently happens that the court, by his rulings during the trial, indicates his judgment. In such case if the practice were allowed of permitting the filing of affidavits for a change of venue during the progress of the trial, the temptation thus afforded to secure a new trial and possibly a more favorable ruling by another judge would be great, and thus a new and dangerous feature would be introduced into the practice. We are aware that the supreme court of California, in the case of *Finn* v. *Spagnoli*, 67 Cal. 330, 7 Pac. 746, has ruled that it is the duty of the court to grant a change of venue, upon proper application, pending its action on a motion for a new trial, but that ruling was based upon the ground that, under the practice in California, the hearing and disposition of a motion for a new trial is a trial of itself. It further appears in that case that the judge before whom the motion for a new trial was pending was not the same judge who had tried and decided the case. It does not appear,

therefore, that the trial court in the case at bar erred in denying the change of venue.

The contention of the plaintiff in error that the court could not enter judgment on the cross-complaint of the defendants after his nonsuit had been entered of record is answered by a reference to paragraph 1396 of the Revised Statutes of 1901, which reads: "At any time before the jury have retired the plaintiff may take a nonsuit, but he shall not thereby prejudice the right of the adverse party to be heard on his own claim for affirmative relief. When the case is tried by the judge, such nonsuit may be taken at any time before the decision is announced." We construe the statute to mean that, whether the case is tried to a jury or by the judge, the taking of the nonsuit by the plaintiff shall not prevent a defendant from being heard and obtaining judgment upon his cross-complaint.

The objection made by the plaintiff in error to the cross-complaint, upon which judgment was had, comes too late. It contains sufficient allegations of fact to support the judgment, and, as there was no fundamental defect therein, all others were waived by plaintiff in error by withdrawing his demurrer, filing an answer and raising an issue of fact, and introducing evidence in support thereof without objecting to the sufficiency of the cross-complaint. *Coburn* v. *Cattle Co.,* 138 U. S. 221, 11 Sup. Ct. 258, 34 L. Ed. 876; *Kelsey* v. *Hobby,* 16 Pet. 277, 10 L. Ed. 961.

It is argued, although not assigned as error in the brief, that the judgment, having been rendered on the eighteenth day of May, 1903, as of the October term, 1902, is void for the reason that, under the statute, the May term, 1903, began on that day. The minutes of the court recite that the judgment was entered "on the 18th day of May, 1903, the same being one of the regular juridical days of October, A. D. 1902, term of said court." The minutes show that on that day the plaintiff in error was represented by counsel, and the defendants in error were represented by counsel; that the arguments in the case were heard, and the judgment rendered on that day in open court. The minutes of the court reciting that the day upon which the case was decided was of the October term of the court cannot affect the jurisdiction of the court over the subject-matter of the action or over the parties to

the action.   It appears that the court was lawfully in session on that day, and, while doubtless the court was in error in treating the October term as being open and existing simultaneously with the May term of the court, the error was harmless so far as the plaintiff in error was concerned, as it does not appear that he was denied by the trial court any of his rights by the assumption that the case was heard and determined at the October term rather than during the May term.   It was suggested by counsel for plaintiff in error, during the argument, that the recital in the minutes that the case was decided at the October term operated to defeat his right of appeal, and thereby he was compelled to bring his writ of error.   The record, however, does not sustain counsel in this, for it appears that after the rendition of the judgment he filed his motion for a new trial, which was heard on the twenty-ninth day of May, 1903, and overruled on that day, and that counsel for plaintiff then and there gave notice of appeal to the supreme court.   Whether the October term be regarded as still open on the twenty-ninth day of May, when notice of appeal was granted, or whether said notice be regarded as of the May term of the court, the plaintiff had full opportunity, under the statutes, to perfect his appeal, so far as the record discloses.

No error appears in the record which calls for a reversal of the judgment, and the judgment is therefore affirmed.

KENT, C. J., and DOAN, J., concur.