[Civil No. 1474.   Filed October 16, 1915.]

[152 Pac. 164.]

## LEVI B. STEPHENS, Appellant, v. ELLA STEPHENS, Appellee.

1. JUDGES—DISQUALIFICATION—EFFECT OF AFFIDAVIT. — It is not the truth of the affidavit, but the affidavit itself, which disqualifies the judge, under Civil Code of 1913, paragraph 500, subdivision 4, providing that, if either party files an affidavit alleging that he has cause to believe, and does believe, that he cannot have a fair trial because of the bias, prejudice or interest of the judge, the judge shall call in another judge to preside at the trial.

2. JUDGES—DISQUALIFICATION—WAIVER.—A party does not waive his right under Civil Code of 1913, paragraph 500, subdivision 4, to

change of judge for bias, by consenting to and asking for continuance.

[As to waiver of objection to disqualified judge, see note in Ann. Cas. 1912A, 1072.]

3. JUDGES—DISQUALIFICATION—CHANGE—NOTICE OF APPLICATION.—Notice to the other party of application for change of judge for bias is not necessary.

4. JUDGES—DISQUALIFICATION—CHANGE—REASON FOR APPLICATION.—It is immaterial what prompts a party to make affidavit for change of judge under Civil Code of 1913, paragraph 500, subdivision 4; he not being required to give any reason for his belief that he cannot have a fair trial because of the judge's bias, prejudice or interest.

5. JUDGES—DISQUALIFICATION—APPLICATION FOR CHANGE—TIME.—Application for change of judge for bias, made a day before the date set for trial, is not too late; the statute not limiting the time for the application.

6. JUDGES—DISQUALIFICATION—CHANGE — "CIVIL ACTION" — DIVORCE—INCREASED ALLOWANCE.—Application for an increased allowance for support, made pursuant to Civil Code of 1913, paragraph 3872, after final decree in divorce, being a lawful demand for a legal right in accordance with the procedure established by the statute, is a "civil action," within paragraph 500, subdivision 4, allowing either party to a civil action brought in the court to have a change of judge for bias.

APPEAL from a judgment of the Superior Court of the County of Greenlee. F. B. Laine, Judge. Reversed and remanded, with directions.

Mr. L. Kearney, for Appellant.

Mr. E. V. Horton, for Appellee.

ROSS, C. J.—In April, 1911, the territorial district court in and for Greenlee county entered a decree divorcing the parties to this litigation. In that decree the court awarded the custody of three minor children to Ella Stephens, the appellee, and directed the appellant to pay to her, for the support of said minor children, the sum of $15 per month. January 28, 1915, the appellee filed her petition entitled in said cause in the superior court of said Greenlee county, in which she asks that said allowance be increased to $75 per month. The appellant on or about the fifth day of February, 1915, filed

his answer to the application for increase in allowance, in which he resisted such increase, claiming that there had been no change in the conditions. The application for increased allowance was noticed for hearing on February 15, 1915.

On February 16, 1915, by agreement of counsel, the court ordered the hearing to be continued until March 2, 1915. On March 2, 1915, the regular attorney of appellant not being able to appear (reason not shown), special counsel for appellant moved a continuance of the case. Said motion was granted by the court, and the case set down for hearing March 16, 1915, and the appellant was ordered to pay the costs of defendant's witnesses incurred to that date. On March 15, 1915, appellant filed his application for change of judge, based upon his affidavit to the effect that the presiding judge where and before whom the matter was pending and triable was biased and prejudiced, as he had cause to believe, and did believe, and because of such, and the interest of said judge, affiant could not obtain a fair and impartial trial in said matter. The appellee was duly served with notice of said application for change of judge, and noticed that same would be presented to the court on the twenty-second day of March, 1915. On the fifteenth day of March, 1915, the court took up said motion for change of judge and denied the same. On the call of the case on March 16, 1915, counsel for appellant renewed their application for change of judge, which was again denied, the court saying:

"It is not necessary for the court to secure the consent of either of the parties to this matter to call in another judge. I do not think this affidavit is filed in good faith, and, besides, the affidavit does not set out a single fact to authorize this court to call in another judge. The ruling of yesterday will stand and this motion will be denied."

The appellant assigns as error the court's ruling denying the change of judge upon his affidavit that he had cause to believe, and did believe, that on account of the bias, prejudice and interest of said judge he could not obtain a fair and impartial trial. There is another error assigned, but we do not think it necessary to consider it.

Paragraph 500 of the Civil Code of 1913 provides:

"If either party to a civil action brought in any superior court shall file an affidavit alleging either:

"(1) That the judge of said court has been engaged as counsel in the case prior to his appointment or election as judge, or is otherwise interested in the case.

"(2) That said judge is of kin or related to either party.

"(3) That the said judge is a material witness in the case.

"(4) *That the affiant has cause to believe and does believe that on account of the bias or prejudice or interest of said judge he cannot obtain a fair and impartial trial—*

"It shall be the duty of said judge to at once request the judge of the superior court of some other county to hold the superior court in the county where such action is pending; and to preside at the trial of such action, and to hear all the matters involved therein."

The affidavit in this case is in the language of the statute. The language of the statute is not exceptional; it being found in the laws of other states. So far as we have been able to discover, the courts have uniformly held, where an affidavit of bias and prejudice is in the language of the statute, the presiding judge can perform no other function in connection with the case other than to make an order that the trial be had before another judge, as provided by the statute. The truth of the affidavit filed is not what disqualifies the judge, but the affidavit itself. As was said in *Washoe Copper Co. v. Hickey,* 46 Mont. 363, 128 Pac. 584:

"To disqualify a judge under subdivision 4, above, the litigant is not required to state any facts upon which his claim of the judge's bias or prejudice is founded, and in this aspect of the case the proceeding is analogous to that invoked in the exercise of a peremptory challenge to a juror. It is not the bias or prejudice which works his disqualification, but the mere filing of the affidavit in time, even though the judge against whom it is aimed be entirely free from either charge."

Chief Justice RYAN, in *Vogel* v. *Milwaukee,* 47 Wis. 435, 2 N. W. 543, speaking of a statute of Wisconsin like ours, said:

"The venue is to be changed, not upon the fact of the judge's prejudice, but upon the imputation of it. *Van Slyke* v. *Insurance Co.,* 39 Wis. 390 [20 Am. Rep. 50]. And the statute, as it now stands, appeals to the conscience of the party for a reasonable apprehension, not for the truth of the fact upon which the apprehension rests. It goes upon a statement

of belief, not of fact, save in so far as belief may be a fact; upon assertion that the party has reason to believe and does believe that he cannot receive a fair trial on account of the judge's prejudice, not upon averment of the prejudice itself.'' *Rea* v. *State*, 3 Okl. Cr. 276, 139 Am. St. Rep. 954, 105 Pac. 384; *Ex parte Ellis*, 3 Okl. Cr. 220, Ann. Cas. 1912A, 863, 25 L. R. A. (N. S.) 653, 105 Pac. 184.

It is the contention of the appellee that the appellant by his conduct in consenting to and asking for continuances waived his right to a change of judge. There is nothing in the statute to support such contention. When a change of venue is demanded, at least five days' notice thereof is required to be given to the opposite party, as provided in paragraph 498, Id., and the truth and sufficiency of the ground alleged for the change of venue are, by the statute, made discretionary with the court. Paragraph 496. The purpose of the notice of the application, where the truth and sufficiency of the ground alleged may be contested by the opposite party, is to allow him time in which to prepare for the hearing upon the application. But where one of the grounds allowed by the statute for a change of the judge is alleged, the court or judge to whom it is addressed has no discretion whatever as to its truth or sufficiency, if it complies with the language of the statute. Nor has the opposite party any right to contest the ground or grounds alleged. "If either party . . . shall file an affidavit alleging either, . . . it shall be the duty of said judge to at once request the judge," etc., is the command. The fact of filing an affidavit of the kind designated imposes the duty upon the judge at once to call in another judge to try the case. He cannot decide according as the charge lodged against him is true or false, nor can evidence by affidavit or otherwise be introduced to controvert the application. That being true, it would serve no purpose to require notice of the application for change of judge to the opposite party. It is conceivable that a party by his conduct might waive or forfeit his right to a change of judge on account of statutory disqualifications. This might be by stipulation, or by conduct implying a waiver or delays in making the application for change.

This case had been pending but a short time when the application was made. But two or three orders had been entered

by the court, one of which required the appellant to pay the costs of appellee's witnesses up to the date of the last continuance. Appellee suggests that it was this order mulcting appellant for costs that prompted the latter to make his application for a change, and it is urged that an adverse ruling of that kind ought not to be allowed as a pretext or excuse for an affidavit of bias or prejudice. Whether that is the reason or not does not appear. The law does not require the affiant to give or assign any reason or reasons for his belief that he cannot have a fair and impartial trial because of the judge's bias or prejudice or interest. It requires him to make and file the affidavit and prescribes its contents, but it does not make it a condition of the affidavit that it shall be true, nor will it weigh or estimate the motive for making it. So then it matters not what may have prompted the affidavit, if it complies with the law and was made and filed in time.

For us to hold that the application, made one day before the date set for the trial, came too late, would be to disregard the statute (for it nowhere limits the time for making the application) and promulgate an arbitrary rule of the court's making; and if the court may say that the application came too late in this case, it could arbitrarily deny the change, if made two days or four days or ten days before the time set for trial, as being too late. This would be making the law and not construing it.

It is next contended by appellee that her application for an increased allowance as support for the children, being made after judgment in the divorce proceeding, takes it without the terms of paragraph 500, *supra;* that a motion or application for an increased allowance, as in this case, in an action already heard and determined is not a "civil action." The contention is true that the proceeding is entitled in and grows out of the original action, and, according to the record, is the first proceeding in the case in which the judge who is sought to be disqualified had taken any action. The judge of the court in which the decree of divorce was granted had ceased to act, by reason of the abolishment of his office, and when the application for an increase of allowance was filed, it became, as to the judge then presiding, in a sense and so far as his connection with it was concerned, a new and inde-

pendent cause of action.   The appellant, who seeks a change
of judges, was one of the parties to the "civil action" as
originally entitled and has been ever since, but, as we have
tried to show above, the statute does not in terms limit the
time within which the application for a change of judge shall
be made.   As was said in *State* v. *District Court of Lewis
and Clark County,* 33 Mont. 138, 8 Ann. Cas. 752, 82 Pac.
789:

"It is the policy of our system that every litigant, no matter
in what form his application may be presented to the court,
shall have his rights adjudicated by a judge who is not inter-
ested in the result.   It cannot be doubted for an instant that
it would be perversion of justice for a judge to sit in any
proceeding in the event of which he has an interest, whether
such interest arise from the fact that he is a party in inter-
est, directly or indirectly, or that he is related to one or more
of the parties, or that he has theretofore been an attorney
or counselor for one of the parties to the action or proceed-
ing.   Nor should he be allowed to sit, when he is laboring
under bias or prejudice toward one or more of the parties
litigant."

If a change of judges could not be had in a proceeding
of this kind and under the circumstances present, then the
policy of our system in its endeavor to secure a fair and
impartial trial to every litigant would be frustrated.

The statute (paragraph 3872, Civil Code, tit. "Absolute
Divorce") provides for the keeping open of the judgment in
reference to the care, custody or maintenance of the children
of the parties and for the amendment, revision and alteration
thereof as the circumstances of the parties and welfare of the
children may require.   It provides that either of the parties
may file a petition in the court at any time, or from time
to time after the entry of final decree, setting forth the
changed circumstances of the parents and the reason for ask-
ing for a modification of the decree.   In this proceeding the
method pointed out by the statute was followed by the ap-
pellee.   The appellant filed an answer traversing the allega-
tions of the petition.   Thus an issue was formed upon which
a trial was necessary.

A "civil action" has been defined as:

"The legal demand of one's right or rights; the lawful demand of one's right or rights; the lawful demand of one's rights in the form given by law; a demand of a right in a court of justice; the lawful demand of one's right in a court of justice; the legal and formal demand of one's rights from another person or party, made and insisted on in a court of justice; a claim made before a tribunal; an assertion in a court of justice of a right given by law; a demand or legal proceeding in a court of justice to secure one's rights; the prosecution of some demand in a court of justice; the means by which men litigate with each other; the means that the law has provided to put the cause of action into effect; the formal means or method of pursuing and recovering one's right in a court of justice; the rightful method of obtaining in court what is due to anyone; the prescribed mode of enforcing a right in the proper tribunal; a remedial instrument of justice whereby redress is obtained for any wrong committed or right withheld; a proceeding in court whether of equity or law." 1 Corpus Juris., p. 924.

The proceeding instituted in this case by petition partakes of all the essential elements of a civil action. It is a lawful demand for a legal right in accordance with the procedure prescribed by the statute, and, we think, is one of the kind of civil actions brought in the superior court described and mentioned in paragraph 500, *supra.*

The denial of the application for a change of judges by the trial court was error.

The judgment is reversed and cause remanded, with directions that proceedings be had in accordance with this opinion.

FRANKLIN and CUNNINGHAM, JJ., concur.