[Civil No. 1750.  Filed December 16, 1919.]

[185 Pac. 539.]

# W. M. ALLAN, Appellant, v. ELIZA E. ALLAN, Appellee.

1. DIVORCE—TIME FOR MOTION TO SET ASIDE DECREE.—Under Civil
Code of 1913, paragraph 590, requiring motion to set aside within
ten days after rendition of judgment, the trial court, had no au-
thority on motion filed in February to vacate divorce decree ren-
dered the preceding September.

2. JUDGES—TIME FOR OBJECTING TO JUDGE.—Where, in divorce action,
after hearing and denial of motion for alimony and suit money,
and making of stipulation for taking testimony by depositions
and for trial of case on September 14th, on September 13th, an
affidavit was filed for change of judge, under Civil Code of 1913,
paragraph 500, subdivision 4, alleging on information and belief
the bias or prejudice of the trial judge, it was proper, on Sep-
tember 14th, when defendant did not appear for trial in person or by
counsel, to disallow the application; it having been made too late.

3. JUDGMENT—DISQUALIFICATION OF JUDGE.—The common-law rule that
action by a judge in a case where he is disqualified by interest
or other cause is an error or irregularity not affecting his juris-
diction, and correctible only by a vacation or reversal of his
judgment, is not changed by Civil Code of 1913, paragraph 500,
but that statute is declaratory of the rule, so that the rule of
decision in this respect is that of the common law, under para-
graph 5555.

4. JUDGES—TIME FOR OBJECTION TO JUDGE.—Since a judge's disquali-
fication is established as a fact by a conclusive presumption of
bias and prejudice in case of his relationship to the parties, or of
his having been counsel in the case before he became judge, or of
his being a witness in the case, in such cases the time of filing
application and supporting affidavit of judge's disqualification is
immaterial.

5. JUDGES—TIME FOR OBJECTION TO JUDGE.—Filing affidavit of preju-
dice on information and belief is not sufficient cause for a judge
to refuse to continue in the trial of a case already begun when
the affidavit is filed.

1. Proceedings for vacating and annulling divorce decree, note,
61 Am. Dec. 459.

2. Waiver of disqualification of judge, notes, 10 Ann. Cas. 969;
Ann. Cas. 1912A, 1072; 5 A. L. R. 1588.

APPEAL from an order of the Superior Court of the County of Navajo. J. E. Crosby, Judge. Order appealed from vacated and cause remanded with instructions to strike same from record.

Mr. C. H. Jordan and Mr. W. H. Burbage, for Appellant.

Mr. Thorwald Larson, for Appellee.

CUNNINGHAM, C. J.—The appellant, as plaintiff, commenced an action for divorce against his wife, the appellee, upon the grounds of desertion. The wife duly answered, denying the material allegations of fact, and moved for an order for alimony, attorney's fees, and costs pending the litigation.

On August 12, 1918, the said motion was heard and denied. Therefore the plaintiff urged an immediate trial on the main case, and the defendant objected. The minutes of the court thereupon recite as follows:

"By agreement and stipulation of counsel, it is ordered that the testimony of two witnesses be now taken, the same to be read at trial of the cause as depositions. Case set for trial September 14, 1918. In the meantime, defendant may take depositions to present at trial on September 14, 1918, when other witnesses may be heard. . . . "

On the thirteenth day of September, 1918, the defendant filed an affidavit for change of judge, under subdivision 4, paragraph 500, Civil Code of Arizona of 1913, alleging on information and belief the bias or prejudice of the trial judge, Sidney Sapp. On the fourteenth day of September, 1918, the defendant did not appear in person or by counsel for trial. The court, on its own motion, examined the affidavit of prejudice on file in the case, and disallowed the application of defendant for a change of judge, and proceeded to hear and consider the case on the merits. Judgment for plaintiff was duly rendered thereon.

On February 7, 1919, the defendant filed a motion to vacate and set aside the said decree upon the grounds that the trial judge, Sidney Sapp, 'acted without authority of law for the reason the said judge "had been disqualified, being then and there disqualified as to any act or thing in said cause, except to name another judge to try the issues in said cause. . . . ''

On the fourteenth day of March, 1919, the motion was heard before J. E. Crosby, judge of the superior court of Navajo county, the successor to Judge Sidney Sapp, and such hearing resulted in an order granting the motion and setting aside the decree for the reason Judge Sapp was without jurisdiction to render or enter said judgment because the affidavit of prejudice disqualified him from the performance of any acts in the cause after it was filed.

From such order made after judgment rendered, setting aside a decree of divorce in plaintiff's favor, he has appealed.

The validity of the order vacating and setting aside the divorce decree is the sole matter of inquiry. This motion was filed on February 7, 1919, praying that the decree rendered on the fourteenth day of September, 1918, be set aside.

The statute, paragraph 590, Civil Code of Arizona of 1913, requires that the motion to set aside a judgment or decree shall be filed within ten days after the judgment sought to be vacated was rendered. The court retained no authority over the judgment, so that the judgment could be set aside on motion, at the time the motion was filed. The order setting aside the divorce decree rendered on September 14, 1918, was clearly without authority for that reason.

The refusal of Judge Sapp to grant a change of judge upon the filing of the affidavit of prejudice was in accordance with the decision in *Smith* v. *King of Arizona Min. Co.,* 9 Ariz. 228, 80 Pac. 357. At the time defendant filed her application and affidavit, the

trial of the cause had commenced and progressed to the date fixed by agreement of parties for the submission of the cause. The defendant did not act with diligence sufficient to require the trial court to take cognizance of her application. The application came too late to affect that trial. After the trial has commenced, fairness and justice require that it proceed orderly to a close without interruption, if possible. The change of judge in the midst of the trial is to be avoided, if possible. For the preservation of fairness and justice so far as obtainable by orderly and regular procedure, the parties should not interrupt the trial by an attempt to change judge whenever a judge has ruled adversely to them. In this case the defendant agreed in open court, in effect, that the testimony taken should be considered by the judge presiding and that either party could take testimony of other witnesses at any time up to September 14, 1918, and the cause on that date would stand submitted, to be considered by the presiding judge.

The defendant ignored this agreement, filed her application for change of judge on September 13, 1918; did not attend the court in person, or by her attorney on the fourteenth day of September, nor on any subsequent date, and present her application. In the circumstances shown by this record, the trial judge was right in treating the application for change of judge as coming too late. The court was not required to hunt out voluntarily the motion and grant the application in the midst of a trial and in the absence of the applicant. He was justified in treating the absence of the defendant's counsel as an abandonment of the motion. If the applicant did not think enough of her motion to urge it, the judge of the court cannot be put in error because he thought no more of the motion than the movant.

The *Stephens case,* 17 Ariz. 306, 152 Pac. 164, is not in conflict with the rule announced in the *Smith case,*

*supra.* In the Stephens case the application for change of judge and affidavit of prejudice in support were filed and the application denied before the trial commenced, and the application was removed and urged at the trial and again denied.

At common law the rule was that no judge ought to act where from interest, or from any other cause, he is supposed to be partial. Yet his action in such a case is regarded as an error or irregularity not affecting his jurisdiction, and to be corrected by a vacation or reversal of his judgment. See 1 Freeman on Judgments, 4th ed., § 145, p. 261; *Dunson* v. *Spradley* (Tex. Civ. App.), 40 S. W. 327.

The common law has not been changed in this respect by paragraph 500, Civil Code of Arizona of 1913. The statute is one declaratory of the above common-law rule. Consequently, the rule of decision in this respect is that of the common law. Paragraph 5555, Rev. Stats. Ariz. 1913.

Judge Hurlbut, in *Oakley* v. *Aspinwall*, 3 N. Y. 547, used the following language, which forcibly states truths that should always be in the minds of judges, to wit:

"The first idea in the administration of justice is that a judge must necessarily be free from all bias and partiality. He cannot be both judge and party, arbiter and advocate, in the same cause. Mankind are so agreed in this principle that any departure from it shocks their common sense and sentiment of justice."

An impartial, fair-minded judge is aware of his qualifications to try a cause coming on before the trial begins. If he is disqualified by reason of bias and prejudice arising from his relationship to the parties, from his having been counsel in the case before he became judge, or because he is a witness in the case, no reason ought to prompt him to act as judge. The parties and the public alike do not sanc-

tion his action in such circumstances because the
existence of either relation imports bias and preju-
dice. In such event (which we sincerely trust will
never arise in this state), the judge is presumed to be
disqualified as a fact, and if he acts thereafter, his
acts are the acts of a disqualified person, having been
so disqualified before the trial commenced as a fact,
without regard to the time of filing the application
and affidavit supporting it, setting forth the relation
from which bias and prejudice is conclusively pre-
sumed in such case.

Whenever the application is supported by an affi-
davit upon the information and belief of the affiant
that, "on account of the bias or prejudice or interest
of said judge," the applicant cannot have a fair and
impartial trial, and no fact is stated in the affidavit
which disqualifies the judge, then the disqualification
is established when the application and affidavit are
filed, if filed before the final trial on the merits com-
mences, or when the judge allows the application and
himself declines to act further, even in the midst of
the trial.

Any judge would willingly be relieved from trying
a case already commenced before him whenever he is
informed that either party is averse to trying it be-
fore him.

"But although he might be disposed to gratify any
such prejudice of either party, he is not at liberty to
refuse to try a cause, when reached and ready to be
tried, for any reason which the law does not recog-
nize as sufficient." *Fry* v. *Bennett,* 3 Bosw. 200,
affirmed 28 N. Y. 324.

The law of this state does not recognize the filing
of an affidavit of prejudice on information and belief
as sufficient cause for a judge to refuse to continue
in the trial of a case already begun when the said
affidavit was filed. *Smith* v. *King of Ariz. Min. Co.,*
*supra.*

Judge Crosby, in vacating the judgment rendered by Judge Sapp, his predecessor, because he believed under the law the judgment was without jurisdiction, attempted in effect to review for error the orders made by Judge Sapp prior to judgment. In effect, he found error and attempted to correct it by ordering a new trial.

In the first place, the right to review a record after the date for making motions for new trials, for arrest of judgment, or for setting aside judgments has expired and no motions of the kind have been made, is invested in this court and not in the court of trial in the first instance. In the second place, as indicated above, we think Judge Crosby came to an erroneous conclusion when he determined that Judge Sapp was without jurisdiction to try the case further when the application for change of judge was filed, after the trial had begun.

The order rendered March 14, 1919, setting aside the decree of September 14, 1918, was made without authority of law, and is therefore vacated as a nullity.

The cause is remanded, with instructions to strike the order of March 14, 1919, from the record.