[Civil No. 4770. Filed May 7, 1945.]

[158 Pac. (2d) 654.]

H. L. MOSHER, Appellant, v. W. R. WAYLAND and JANE WAYLAND, Husband and Wife; F. I. STAFFORD and RUTH STAFFORD, Husband and Wife; AND. W. LIDDELL and ESTHER LIDDELL, Husband and Wife; JOHN L. McATEE and ROBBIE McATEE, Husband and Wife; and CHARLES L. STROUSS and LUCILLE STROUSS, Husband and Wife, Appellees.

H. L. Mosher, in *Propria Persona,* Appellant.

Messrs. Snell, Strouss & Wilmer, for Appellees.

MORGAN, J.—Appellant was one of a number of defendants who were sued by appellees in the Superior Court of Maricopa County in an action to quiet title. The complaint was filed on July 20, 1943. On August 14 of that year appellant, who had been served with a copy of the complaint and summons, appeared and

filed a motion to quash the summons on the ground that it was entitled ''In the Superior Court of the State of Arizona, In and For the County of Maricopa,'' while it should have been properly entitled ''In the Superior Court of Maricopa County, State of Arizona,'' the seal with which the summons was stamped bearing the latter designation. The motion was denied by the court on August 23rd. On October 4th appellant filed motion to have an attorney and to appear in person, which was granted on the 11th day of that month. On October 9th appellees filed motion for judgment against appellant, on the pleadings. On the 25th of October order entered granting to appellees judgment against appellant on the pleadings.

Prior to this action the cause had been set for trial on November 6th, but by stipulation was reset for November 27th. The appellant filed no defensive pleadings of any kind or character and time for such pleading had expired before the trial date, no application having been made for an extension of time for filing answer. On November 27th the appellant filed with the clerk of the court an affidavit of bias and prejudice against the presiding judge, to which appellees objected. With this affidavit she also filed an instrument entitled ''Statement of Facts and Lack of Jurisdiction,'' calling attention to the fact that there were other similar cases involving the same property and the same parties, seventeen in number, pending in the superior court and that the first of these cases should take precedence. All answering defendants agreed to proceed with the trial. The trial judge disregarded the affidavit of bias and prejudice. At the close of the evidence the case was taken under advisement. Formal written judgment was filed on June 23, 1944. Appellant filed motion to set aside this judgment and for a new trial. No action was taken by the court on the motion and it being deemed denied by operation of law, the defendant, H. L. Mosher, appealed to this

court and appears herein in person. She raises the following questions:

1. The affidavit of bias and prejudice prevented the presiding judge from doing any further act in the cause except transferring it to another judge.

2. The action was barred because of the pendency of other cases between the same parties, involving the same property.

3. The judgment is invalid for the reasons: (a) The pleadings and summons are not entitled in the proper court; (b) one of the parties plaintiff, a licensed attorney, represented parties plaintiff; (c) the court was without jurisdiction to determine the validity of city of Phoenix taxes until they were first paid.

4. The court erred in failing to rule on the motion for new trial and to set aside the judgment.

We have repeatedly held that when an affidavit of bias and prejudice is timely filed under the provisions of Sec. 21-107, Arizona Code Annotated 1939, the presiding judge can perform no other function in connection with the case than to make an order that the trial be had before another judge. If seasonably filed, the judge may no longer sit in the case, since the affidavit operates as a peremptory challenge to him. *Stephens* v. *Stephens,* 17 Ariz. 306, 152 Pac. 164; *Conkling* v. *Crosby,* 29 Ariz. 60, 239 Pac. 506; *Allan* v. *Allan,* 21 Ariz. 70, 185 Pac. 539; *Jenkins* v. *Skelton,* 21 Ariz. 663, 192 Pac. 249; *Smith* v. *King of Arizona Min. Co.,* 9 Ariz. 228, 80 Pac. 357, 358. The truth of the affidavit filed is not what disqualifies the judge, but the affidavit itself. Stephens v. Stephens, *supra,* and Conkling v. Crosby, *supra.*

The affidavit in this case was filed under the fourth ground set out in the law ''that the affiant has cause to believe and does believe that on account of the bias or prejudice or interest of said judge he cannot obtain a fair and impartial trial.'' It is evident that the sole purpose of this provision is to afford

litigants a fair and impartial trial. This court has held in two cases that such an affidavit may not be entertained after the trial commences and the court has heard the evidence. Allan v. Allan, *supra,* and Smith v. King of Arizona Min. Co., *supra.* In the Smith case the court said:

" . . . In addition to that, however, we think the application came too late; the cause had been tried, and was then ready for argument. To construe the statute as entitling a party to a change of venue at once upon filing his affidavit at any stage of the trial or proceeding would work great hardship and injustice, and in many cases would operate to grant parties the right to a new trial they otherwise would not be entitled to and could not obtain. It frequently happens that the court, by his rulings during the trial, indicates his judgment. In such case, if the practice were allowed of permitting the filing of affidavits for a change of venue during the progress of the trial the temptation thus afforded to secure a new trial and possibly a more favorable ruling by another judge would be great, and thus a new and dangerous feature would be introduced into the practice. . . . "

In the case at bar the record discloses that the court had already granted judgment for plaintiffs against defendant Mosher. There was nothing left to try. No defensive pleadings had been filed. There were no issues to be determined. The defendant already had her fair and impartial trial within the meaning of the law. The purpose and intent of the statute would be entirely perverted if it were construed to compel a judge, after hearing a case and ordering judgment, to transfer the case to another judge. This would lead to confusion, unnecessary expense and unduly prolong litigation.

▉ We see no merit in the second proposition advanced. The claim is made that the action should have abated because there were other like actions pending to quiet title to the same property between the same

parties. This is based on the statement filed with the affidavit of disqualification on November 27, 1943. Even if this statement might be treated as a proper plea in abatement, it could not be considered since it was filed after the order for judgment on the pleadings. No motion was made to set aside this order and to allow the filing of any pleading.

 The record disclosed that the title of the court was given as "In the Superior Court of the State of Arizona, in and for the County of Maricopa." The claim is made that the superior court is not a state court but a county court, and that the proceedings should have been properly entitled as being "In the Superior Court of Maricopa County, State of Arizona." The motion to quash alleges that the summons was stamped with a seal that gave the latter designation. It may be that all pleadings and proceedings in the superior court should be designated or titled as "In the Superior Court of —— County, State of Arizona." We believe, that this title is generally used in criminal proceedings. We, however, take judicial notice of the fact that for many years the titles "In the Superior Court of the State of Arizona, in and for the County of ——" and "In the Superior Court of —— County, State of Arizona" have both been widely used. We said in *Faires* v. *Frohmiller,* 49 Ariz. 366, 67 Pac. (2d) 470, 473:

"We think there can be no question that there are in the State of Arizona fourteen different superior courts with concurrent jurisdiction, and not one superior court with seventeen different judges composing such court."

 While under the Constitution, we have a superior court for each county, each court is in fact a superior court of the state. Sec. 6, Art. 6, of the Constitution, gives the superior court original jurisdiction in all cases and all proceedings in which juris-

diction is not vested exclusively in some other court. The process of the court extends to all parts of the state. It is a state as well as a county court. We held in *Fullen* v. *Calhoun*, 39 Ariz. 40, 3 Pac. (2d) 786, 787, that:

"The superior courts are constitutional agencies of the state, exercising important and necessary powers of the sovereignty. . . . "

The court in which the action is brought should be designated with substantial accuracy, but technical defects will not vitiate the proceedings. Where the litigant is not misled as to the court in which the proceedings are pending and the pleadings filed, there can be no just cause of complaint. *Robinson* v. *Peru Plow & Wheel Co.*, 1 Okl. 140, 31 Pac. 988; *Van Benthuysen* v. *Stevens*, 14 How. Prac., N. Y., 70; *Van Namee* v. *People*, 9 How. Prac., N. Y., 198; *Overton* v. *Nordyke*, 10 La. App. 317, 120 So. 544; *Smith* v. *Colquitt* (Tex. Civ. App.), 144 S. W. 690; *Clark* v. *Comford*, 45 La. Ann. 502, 12 So. 763. The appellant was not, and parties generally are not, misled by the designation to which objection has been made. Either title may properly be used.

The remaining contentions, which it is asserted invalidated the judgment, require little consideration. The claim was made that one of the plaintiffs, who happened to be a licensed attorney admitted to practice in Arizona, could not appear in his own behalf and also in behalf of his co-plaintiffs. No law, statutory or otherwise, has been called to our attention which limits the right of an attorney to represent himself and others who may be joined as parties. In any event this would be at most a mere irregularity without injury, and not a ground for reversal. *Conroy* v. *Waters*, 133 Cal. 211, 65 Pac. 387; *Scott* v. *Times-Mirror Co.*, 181 Cal. 345, 184 Pac. 672, 12 A. L. R. 1007. Nor do we see any merit to the proposition that the court was

without jurisdiction to enter a judgment quieting title until taxes had first been paid. There is nothing in the record to support this claim. The record fails to disclose whether unpaid taxes were involved. The appellant presented no defenses covering this phase.

It is assigned as error that the court ignored motion to set aside judgment and for new trial, and disregarded appellant's request for a ruling thereon. A court is under no compulsion to formally rule upon such motions. Under the provisions of Sec. 21–1308, Arizona Code Annotated 1939, these motions are deemed denied by the failure of the court to determine same within twenty days after judgment. *Bigler* v. *Welker*, 16 Ariz. 44, 141 Pac. 124. There is no assignment that the motion was improperly denied.

No error appearing, the judgment is affirmed.

STANFORD, C. J., and LaPRADE, J., concur.