231 P.2d 426

**ARIZONA CONFERENCE CORP. OF SEV-
ENTH DAY ADVENTISTS v.
BARRY, Judge.**

No. 5489.

Supreme Court of Arizona.

May 7, 1951.

Terrance A. Carson and Gust, Rosenfeld, Divelbess, Robinette & Linton, all of Phoenix, for petitioner.

Snell & Wilmer, by Edwin Beauchamp, Phoenix, for respondent.

DE CONCINI, Justice.

In the Superior Court of Maricopa County, in the cause of Everett and Georgia C. Hampton, et al., plaintiffs, v. Arizona Conference Corporation of Seventh Day Adventists, defendant-petitioner, the complaint charged defendant with violation of the building restrictions contained in the deed to its property in the University Park addition to the city of Tempe, state of Arizona, by the construction of a church where the restrictions provide the premises be used for residential purposes only. Plaintiffs secured an order requiring defendant to show cause why a temporary injunction should not be issued enjoining defendant from proceeding further with the construction of said church.

The regularly scheduled hearing on plaintiffs' order to show cause for a temporary injunction was heard and taken under advisement by respondent in the instant case, Honorable Ralph Barry, Judge of the Superior Court. Respondent then issued a written order denying a temporary injunction against petitioner. In an accompanying unsigned memorandum respondent stated that, after having taken a view of the premises involved, he was of the opinion that the use to which the property surrounding that on which petitioner was erecting its church was being put, made it unnecessary to give further force and effect to the deed restrictions against petitioner's property.

Following this order plaintiffs filed a request for change of judge based on an affidavit of bias and prejudice of respondent. Respondent granted plaintiffs' request, but before a new judge was selected, defendant petitioned this court for an alternative writ of prohibition to prevent respondent from assigning the case. As a premise for the writ defendant asserts that it was improper for respondent to grant the request and assign the case on the basis of an affidavit of bias and prejudice which was made after respondent had already ruled on litigated matters. The writ was issued together with an order to show cause why it should not be made permanent. Respondent answered that under Article 6, section 7, of the Arizona Constitution, he has the right to assign a case to another judge; and under Section 21–107, A.C.A. 1939, he must assign it when an affidavit of bias and prejudice is filed against him.

Both parties have filed extensive briefs and have raised several technical objections to the timing of the hearings on the motions for change of judge and summary judgment in the court below. Stripping the briefs of their superfluities, we have three basic questions to answer in disposing of this case.

■ First, was the request for a change of judge based on an affidavit of bias and prejudice timely filed after the court had heard evidence and ruled on the motion for a temporary injunction, under Section 21-107, A.C.A.1939? The answer is, no. One of the best reasoned cases on this point is State ex rel. Shufeldt v. Armijo, 39 N.M. 502, 50 P.2d 852, 855, in which it was said: "We hold that an affidavit of prejudice is timely made if filed and called to the attention of the court before it has made any ruling on any litigated or contested matter whatsoever in the case, either on a motion, demurrer, or plea of the party making the affidavit, or on the motion, demurrer, or plea of any other party to the action, of the hearing of which the party making the affidavit has been given notice, otherwise it is not timely made. * * *"

The instant case falls squarely in that category. Here a hearing was had and a ruling made on a litigated and contested matter. A motion for a change of judge untimely filed need not be granted, Mosher v. Wayland, 62 Ariz. 498, 158 P.2d 654.

Article 6, section 7, of the Arizona Constitution provides: "(Transfer of judges.) —The judge of any superior court may hold a superior court in any county at the request of the judge of the superior court thereof, and, in case of the disqualification or the inability of the judge thereof to serve, and upon the request of the governor, shall do so."

Under the Constitution a judge may assign a case to another judge to try without first being disqualified. Arizona Mutual Auto Insurance Co. v. Bisbee Auto Co., 22 Ariz. 376, 197 P. 980. However in that case and in others construing this provision, the judges assigning their cases did so before hearing and ruling on any litigated matters. That provision of the Constitution is not applicable when the judge has heard and ruled on contested matters.

■ The second question is: Is prohibition the proper writ to prevent a judge who is not legally disqualified to try a case, because he has assumed jurisdiction and made rulings on litigated matters therein, from assigning that case to another trial judge? The answer is yes. In Conkling v. Crosby, 29 Ariz. 60, 239 P. 506, 508 we said: " * * * Prohibition is available to challenge the qualifications of the judge as well as the jurisdiction of the court. * * *"

In that case, after the trial but before judgment, one of the litigants filed a request for a change of judge based on an affidavit of bias and prejudice. The trial judge denied bias and prejudice even

though it was shown that he was indebted to one of the litigants. A writ of prohibition was there sought to prevent the judge from proceeding to judgment. This court held that prohibition was the proper remedy; however, the facts in that case did not warrant the writ being made peremptory, because the judge denied bias and prejudice. Inasmuch as the affidavit was untimely filed the judge was not prohibited from proceeding further. In the instant case an inverse situation prevails. However the same rule of law applies. The writ will lie to prohibit a judge from assigning a case in which it is his duty to preside.

Third: May a judge disqualify himself after he has ruled on litigated matters where he is not biased and prejudiced, but solely for the reason that an untimely request based on bias and prejudice was filed against him? The answer is, no. The rule is laid down in 48 C.J.S., Judges, § 93: "It is the duty of a judge, however, to exercise the judicial functions duly conferred on him by law, and he has no right to disqualify himself in the absence of a valid reason * * *." Citing Conkling v. Crosby, supra.

In the instant case there is no showing of disqualification on the part of the judge to preside except the untimely affidavit which need not be considered. Therefore it is the duty of the trial judge to proceed with the trial of the cause. Hamilton v. Pendle-ton, 111 Okl. 55, 237 P. 611. The history of a judge's duty is well stated in Benedict v. Seiberling, D.C., 17 F.2d 831, cited by petitioner.

We hold that under the circumstances in this case it is the duty of the trial judge to proceed with the cause. The alternative writ of prohibition is hereby made peremptory.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.