382 P.2d 668

Elizabeth HORDYK and Richard C. Harris, as Trustee in Bankruptcy of the Estate of Elizabeth Hordyk, Petitioners,

v.

Gordon FARLEY, as Judge of the Superior Court of the State of Arizona in and for the County of Santa Cruz, Southwestern Land Co., a corporation, et al., Respondents.

No. 7936.

Supreme Court of Arizona.

En Banc.

June 13, 1963.

Rogge, Hillock & Stark by Malcolm L. Hillock, Tucson, for petitioners.

Judge Gordon Farley, respondent, Nogales, in pro. per.

Nolen L. McLean, Tucson, for respondent Southwestern Land Co.

Boyle, Bilby, Thompson & Shoenhair, by Harold C. Warnock, Tucson, for respondent Louis Eppstein.

UDALL, Vice Chief Justice.

This case came to us upon a motion for a writ of prohibition. We granted an alternative writ and ordered that briefs be submitted for our consideration.

Petitioners were defendants in a foreclosure action in Santa Cruz County Superior Court. Respondent, Southwestern Land Co., was plaintiff. An answer to the complaint was filed in which petitioners denied lawful execution of the note and mortgage, alleged failure of consideration, and otherwise generally denied the allegations of the complaint. Southwestern Land Co. then filed a motion for judgment on the pleadings upon the grounds of lack of verification of the answer. Petitioners filed an affidavit of bias and prejudice pursuant to the provisions of A.R.S. § 12–409 and also filed a motion for leave to amend their answer. These documents were brought to the attention of the court by the clerk of the court on the day a hearing on plaintiff's motion for judgment on the pleadings was to be held. The trial court ruled that under Local Rule XV of the

Superior Court of the State of Arizona in and for Santa Cruz County the affidavit came too late to effect disqualification. The court denied the motion to amend the answer and granted the motion for judgment on the pleadings. A later hearing on the merits was ordered at which time judgment was entered. Petitioners did not appear in person or by counsel at either of the two hearings.

Petitioners have filed certain motions in the Superior Court seeking to vacate the judgment and to obtain certain other relief. They petition us to prohibit respondent Superior Court judge, who ruled on all previous matters related to this cause, from conducting further proceedings in the action. They argue that he has acted without authority because of the affidavit of disqualification, and that he should be prevented by this Court from continuing such unauthorized action. On the other hand, respondent judge contends that he properly disallowed the change of judge because the application was ill-timed.

A.R.S. § 12-409 reads:

"A. If either party to a civil action in a [S]uperior [C]ourt files an affidavit alleging any of the grounds specified in subsection B, the judge shall at once transfer the action to another division of the court if there is more than one division, or shall request a judge of the [S]uperior [C]ourt of another county to preside at the trial of the action.

"B. Grounds which may be alleged as provided in subsection A for change of judge are:

\*   \*   \*   \*   \*   \*

"5. That the party filing the affidavit has cause to believe and does believe that on account of the bias, prejudice, or interest of the judge he cannot obtain a fair and impartial trial."

Local Rule XV upon which the trial judge refused to disqualify himself reads:

"Affidavits for disqualification of the presiding [j]udge or requests for change of [j]udge must be made at least five days prior to the trial date. Failure to apply for a change in accordance with this rule shall be deemed a disqualification solely for the purpose of delay, and shall not cause a disqualification of the presiding [j]udge unless the party applying for the change of [j]udge shall first post with the [c]lerk of the [c]ourt a sum to be fixed by the [c]ourt sufficient to pay all the members of the jury panel and the witness fees of the opposing party appearing on said trial date."

■ The practice that a trial judge must withdraw from a case upon a party's filing an affidavit of bias and prejudice is well entrenched in our law. It has its origin in the belief that litigants are entitled to a

hearing before a fair and impartial court. Before there were statutes on the doctrine it was expressed in the common law. Stephens v. Stephens, 17 Ariz. 306, 152 P. 164 (1915); Allan v. Allan, 21 Ariz. 70, 185 P. 539 (1919). However, the state of Arizona early adopted a statute which set forth the doctrine. Section 500, R.S.1913, am., section 1, Ch. 107, L.1921; section 3721, R.C.1928; section 21–107, A.C.A.1939.

The language of the statute as it appears today is imperative in nature. Upon the filing by a party of an affidavit "the judge shall at once transfer the action * * *." This Court has on numerous occasions reiterated and enforced that command. A short history of the cases seems to us to be appropriate.

In 1915 the case Stephens v. Stephens, supra, was before this Court. There, two continuances had been granted appellant before he filed his application for change of judge based upon his affidavit that the presiding judge was biased and prejudiced. His application was filed one day before the third scheduled hearing. The application was denied, and then when renewed the next day it was again denied. We said:

"For us to hold that the application, made one day before the date set for the trial, came too late, would be to disregard the statute (for it nowhere limits the time for making the application) and promulgate an arbitrary rule of the court's making; and if the court may say that the application came too late in this case, it could arbitrarily deny the change, if made two days or four days or ten days before the time set for trial, as being too late. This would be making the law and not construing it." 17 Ariz. page 311, 152 P. page 166.

The language of the statute at that time was in all essentials identical to the language of the statute today.[1] Again we said in the Stephens case:

" * * * [T]he statute does not in terms limit the time within which the application for a change of judge shall be made." 17 Ariz. page 312, 152 P. page 166.

Two other basic principles relating to this statute were recognized in that early case:

1. Paragraph 500 of the Civil Code of 1913 provides:
"If either party to a civil action brought in any superior court shall file an affidavit alleging either:
&ast;  &ast;  &ast;  &ast;  &ast;
"4. That the affiant has cause to believe and does believe that on account of the bias or prejudice or interest of said judge he cannot obtain a fair and impartial trial.
"It shall be the duty of said judge to at once request the judge of the superior court of some other county to hold the superior court in the county where such action is pending, and to preside at the trial of such action, and to hear all the matters involved therein."

"[T]he presiding judge can perform no other function in connection with the case other than to make an order that the trial be had before another judge * * *." 17 Ariz. page 309, 152 P. page 165.

We also said:

"It is not the bias and prejudice which works his disqualification, but the mere filing of the affidavit in time, even though the judge against whom it is aimed be entirely free from either charge." 17 Ariz. page 309, 152 P. page 165.

\* \* \* \* \* \*

"* * * [T]he court or judge to whom it is addressed has no discretion whatever as to its truth or sufficiency * * *." 17 Ariz. page 310, 152 P. page 165.

As to the requirement that the affidavit must be filed "in time" we said:

"It is conceivable that a party by his conduct might waive or forfeit his right to a change of judge on account of statutory disqualifications. This might be * * * by conduct implying a waiver or delays in making the application for change." 17 Ariz. page 310, 152 P. page 166.

In that case this Court did not feel that appellant's delay in filing his affidavit after two continuances and only a day before the third time set for a hearing was conduct such as to constitute a waiver of his right, and the trial judge's denial of appellant's application was reversed.

In the case of Allan v. Allan, supra, defendant filed an affidavit for change of judge one day before the day of trial and after certain other motions had been ruled upon and the parties had made certain stipulations in open court. On the day of trial defendant did not appear in person or by counsel. The trial court disallowed the application for change of judge and proceeded to hear and consider the case on the merits. Judgment was given to plaintiff. Some five months later defendant made a motion to vacate the judgment before a trial judge who succeeded the one who tried the case. His motion was granted and the plaintiff appealed from that decision. The Supreme Court reversed the order giving as its principal reason:

"At the time defendant filed her application and affidavit, the trial of the cause had commenced and progressed to the date fixed by agreement of parties for the submission of the cause. The defendant did not act with diligence sufficient to require the trial court to take cognizance of her application." 21 Ariz. page 72, 185 P. page 540.

Applicant had earlier made a motion to the court for alimony, attorney's fees, and costs pending the litigation. That motion was

denied and she then agreed in court upon a date for trial. She failed to appear on that date. This conduct made the filing of her application of bias and prejudice ill-timed. She had waived her right.

All of the later cases of this nature which this Court has ruled upon have clearly reiterated the principles we find in these first two cases. Mosher v. Wayland, 62 Ariz. 498, 158 P.2d 654 (1945); Arizona Conference Corp. v. Barry, 72 Ariz. 74, 231 P.2d 426 (1951); Marsin v. Udall, 78 Ariz. 309, 279 P.2d 721 (1955); Murray v. Thomas, 80 Ariz. 378, 298 P.2d 795 (1956).

■ Respondents' contention in the case at bar that petitioners' affidavit was filed too late for respondent judge to have ruled in petitioners' favor is not well taken. First, respondents contend that Local Rule XV barred the filing of the affidavit. We cannot subscribe to this view for we have repeatedly held that an applicant's filing is ill-timed only when he has waived his right by his own conduct. While we heretofore approved Local Rule XV adopted by the Superior Court of Santa Cruz County we

have here reconsidered it and find that it is inconsistent with the absolute right given in a civil action to a litigant to have the judge disqualified upon the litigant's filing an affidavit pursuant to the provisions of A.R.S. § 12–409 alleging bias and prejudice of the judge who presides in the cause. This right cannot be diminished or abridged by local rules.

Our legislature has given expression to the right and this Court has interpreted that expression. It is not for the local courts to alter the position the legislature and this Court have so articulately taken by imposing time requirements. To permit them to do so may very well render meaningless the substantive right given the litigants by the legislature.[2] Local Rule XV of Santa Cruz County is hereby overruled.

■ Respondents contend in this Court for the first time that petitioners' conduct itself, aside from the local rule, constituted a waiver of their rights. With this contention we disagree. Petitioners had made no motions prior to the filing of the affidavit and the affidavit was called to the attention

2. We recognized in Heat Pump Equipment Co. v. Glen Alden Corporation, 93 Ariz. 361, 380 P.2d 1016 (1963) that rules of practice and procedure governing the courts is essentially judicial in nature. However, we acknowledged in that same case that the power of the judiciary to make rules of practice and procedure is limited to rules which do not abridge, enlarge or modify substantive rights.

The right to a trial before an unbiased and unprejudiced court is a substantive right. Marsin v. Udall, supra. Our legislature has made it so. A.R.S. § 12–409. It may very well be that the circumstances giving rise to the alleged bias and prejudice would not arise until the day before a trial. In such a situation Local Rule XV would deny the litigant upon whom injury might fall the opportunity to claim his right. The rule would then reach beyond the limits of the judiciary power.

of the court before it had made any ruling on any litigated or contested matter in the case. See Arizona Conference Corp. v. Barry, supra. All that had transpired was the entering of a complaint and an answer and a motion by plaintiff upon which the judge had ordered a hearing. The hearing had not yet taken place. The respondent judge had no choice but to transfer the matter to another judge.

As to respondents' argument that prohibition is an improper form of remedy we quote from Murray v. Thomas, supra:

"* * * [W]e are compelled to say that the judge should have recognized the affidavit and he had *no jurisdiction* to do other than transfer the matter to another judge. (Cases cited.) The order therefore was void and, so long as anything remains to be done under a void order, prohibition may prevent the doing thereof." 80 Ariz. p. 380, 298 P.2d p. 797. (Emphasis supplied.)

The problem is jurisdictional in nature and prohibition lies.[3]

We make no ruling whatsoever on the particular motions petitioner now has pending before the respondent judge. We rule only that respondent judge may take no action on those motions save to transfer them to another judge.

Writ of prohibition is hereby made peremptory.

BERNSTEIN, C. J., and STRUCKMEYER, JENNINGS and LOCKWOOD, JJ., concur.

---

3. By way of dictum in Allan v. Allan, supra, the Court said "[The trial judge's] action in such a case is regarded as an error or irregularity not affecting his jurisdiction, and to be corrected by a vacation or reversal of his judgment." 21 Ariz. page 74, 185 page 541. This is important in the case at bar because it comes to us on an original writ and not by appeal. Nevertheless, we believe that dictum to be in error as later cases in this area indicate. See, Murray v. Thomas, supra. Even in the Allan case the Court said, "In such event * * * the judge is presumed to be disqualified as a fact, and if he acts thereafter, his acts are the acts of a disqualified person * * *." This seems to us to go to his "jurisdiction".