383 P.2d 127

George J. ITULE and Carmela D. Itule, husband and wife, Petitioners,

v.

Gordon FARLEY, as Judge of the Superior Court of the State of Arizona, in and for the County of Santa Cruz, et al., Respondents.

No. 7954.

Supreme Court of Arizona,

En Banc.

June 19, 1963.

George W. Oglesby, Nogales, for petitioners.

Gordon Farley and James F. Haythornewhite, Nogales, for respondent Gordon Farley.

Nasib Karam, Nogales, for respondents Sinaloa Valley Cold Storage, a corporation, and Sinaloa Valley Distributors, a corporation.

PER CURIAM.

This case came to us on a writ of mandamus to compel the Superior Court of Arizona, Santa Cruz County, to assign an action now pending before it to a judge other than respondent judge. The petitioners assert as grounds for the assignment their filing of an affidavit of bias and prejudice pursuant to A.R.S. § 12–409.

In the court below petitioners sought to enjoin Sinaloa Valley Cold Storage and Sinaloa Valley Distributors from maintain-

ing a fish packing plant in such a manner as to be a nuisance. After filing the complaint the petitioners filed an affidavit of disqualification against respondent judge, the only judge of that court. Simultaneously therewith they moved that the cause be assigned to some other judge. The assignment was delayed by the court until an outside judge could be contacted. No assignment has as yet been made although more than two months have passed since the case was submitted to the Superior Court.[1]

 Because in the recent case Hordyk v. Farley, 94 Ariz. 189, 382 P.2d 668 (June 1963) we synthesized the law in this state with regard to a litigant being given a change of judge, we find it unnecessary to develop the subject here. We do recognize again, however, that such a right to disqualify a trial judge is a substantive right. Upon a proper affidavit being filed, the judge, though he might feel the claims are without merit and the affidavit is filed to harass the court, has only one thing he can do—transfer the case to another judge. See Stephens v. Stephens, 17 Ariz. 306, 152 P. 164 (1915).

Pursuant to our authority under A.R.S. § 12–2021 we grant petitioners' request and order the Superior Court to make the assignment to another judge.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER, JENNINGS, and LOCKWOOD, JJ., concur.

---

1. Article 6, Section 15, Constitution of Arizona, A.R.S., reads:
   "Every case submitted to the judge of a superior court for his decision shall be decided within sixty days from the submission thereof * * *."

   Ariz.R.Civ.P., Rule 77(j), 16 A.R.S., reads:
   "Every matter submitted for determination to a judge of the superior court for his decision shall be determined and a ruling made within sixty days from submission thereof. * * *"