424 P.2d 859

Louis A. EDWARDS, and Lois E. Edwards, his wife, Petitioners,

v.

The SUPERIOR COURT of the State of Arizona, COUNTY OF MARICOPA, the Honorable Edwin Thurston, a judge thereof, Joseph M. Melendez and Alicia M. Melendez, his wife, Pioneer Transfer & Storage, formerly Triple X Transfer, Inc., an Arizona corporation, Real Parties in Interest, Respondents.

I CA–CIV 553.

Court of Appeals of Arizona.

March 9, 1967.

Rehearing Denied April 7, 1967.

Review Denied May 2, 1967.

Cavness, DeRose, Senner & Foster, John W. Rood, Phoenix, for petitioners.

Lewis, Roca, Scoville, Beauchamp & Linton, James Moeller, and Jeremy E. Butler, Phoenix, for respondents.

STEVENS, Judge.

The petitioners filed their request for the issuance of a writ of prohibition to prohibit the respondent judge from honoring affidavits of bias and prejudice in connection with civil litigation pending in Maricopa County. The matter was presented to this Court at an informal hearing on the return date of the petition and taken under advisement.

The first suit filed was Cause No. 154057. In the first suit, Mr. and Mrs. Melendez, hereinafter referred to as Melendez, were the plaintiffs and Mr. and Mrs. Edwards were the defendants. The complaint urges a partnership in relation to Contract Carrier Certificate No. 5837 issued by the Arizona Corporation Commission. The complaint seeks an accounting and the appointment of a receiver pendente lite. On 3 September 1963, one of the Judges of the Superior Court for Maricopa County, issued an order to show cause in relation to the Melendez application for the appointment of a receiver. The order recited that the defendants show cause " * * * why a Receiver should not be appointed over the partnership business including, but not limited to, the business operated under Certificate No. 5837 issued by the Arizona Corporation Commission * * * ". There was no hearing on the order to show cause until February 1965.

On 1 November 1963, the second suit, being Cause No. 155878, was filed wherein Edwards was the plaintiff and the defendants were Mr. and Mrs. Melendez and Pioneer Transfer & Storage, a corporation. The complaint alleged that Edwards owned 8 of the outstanding 17 shares of Pioneer and that the defendants Melendez owned the balance of the outstanding shares. The complaint alleged improper management by Melendez and sought an accounting.

At all times in both suits, the same firm of attorneys represented Melendez and also represented Pioneer in the second suit. At the time of the hearing on the order to show cause, and thereafter, the Edwards were represented in both suits by one law firm. On 15 December 1964, Melendez and Pioneer moved to consolidate the two lawsuits urging in their motion:

"These two lawsuits arise out of transactions between the parties and will probably involve common questions of law and fact. In any event, it would be expeditious and less judicial (sic) time consuming if the matters were heard at the same time."

The motion was granted on 8 January 1965 and it was ordered consolidating the causes, thence forth to be known as Cause No. 154057, consolidated.

The hearing on the order to show cause was assigned to the respondent judge and consumed several trial days. The minutes reflect that 48 exhibits were marked in evidence or for identification. By minute entry order entered on 10 February 1965, the court quashed the order to show cause and directed that the County Attorney conduct an investigation in reference to the testimony of Melendez. The court impounded the records for the purpose of the investigation, the same to not be released except upon consent of the respondent judge and the County Attorney. The respondent judge carefully pointed out that he exonerated all participating counsel from any hint of wrong doing.

Melendez filed a motion for new trial in relation to the 10 February ruling and tendered new evidence in support of the motion. By minute entry order, entered on 25 October 1965, the motion for new trial was denied.

Thereafter Melendez filed an affidavit of bias and prejudice in the first suit and Pioneer filed an affidavit of bias and prejudice in the second suit, the affidavit of Pioneer being executed by Melendez in his capacity as president of the corporation. On 9 January 1967, the respondent judge entered an order, in part, as follows:

"Plaintiffs in Cause No. 154057 and the defendants in Cause No. 155878, having filed with the Court their respective affidavits and motion for change of Judge and counsel having filed legal memorandum pursuant thereto with the Court, the Court finds as follows.

"1. That there are no facts other than evidence presented pursuant to the Order to Show Cause proceeding in Cause No. 154057, upon which the Court could consider self-disqualification, and having heard evidence in said cause finds that it cannot as a matter of law disqualify itself from hearing said cause.

"2. That as a matter of law, defendant Pioneer Transfer & Storage, in Cause No. 155878 has not been before the Court for a hearing of evidence or a matter of ruling on legal or factual issue in said cause, and that the Court has no alternative except to recognize the affidavit of bias and prejudice filed by said defendant in Cause No. 155878, and to transfer the consolidated causes to another Judge. * * * *"

Following the entry of this order, the present petition was filed seeking a writ of prohibition to restrain the respondent judge from transferring the consolidated causes to another judge of the Superior Court. Issues were joined on the petition and memoranda were filed in relation thereto. Following the informal hearing prescribed by Rule 1(c) of the Rules of the Arizona Supreme Court, which Rules are made

applicable to the Court of Appeals by Arizona Supreme Court Rule No. 47, 17 A.R.S., the issues were taken under advisement. The attorneys for both parties advised the Court that the question presented in relation to the right of Pioneer to file an affidavit of bias and prejudice is novel and that their research did not disclose appropriate case law on the subject. We have found none.

### CAUSE NO. 154057

We will first consider the problems arising in connection with the first suit. It is appropriate to set forth the key statute and to discuss some of the key decisions in Arizona. A.R.S. Section 12–409, in part, is as follows:

"§ 12–409. Change of judge; grounds; affidavit

"A. If either party to a civil action in a superior court files an affidavit alleging any of the grounds specified in subsection B, the judge shall at once transfer the action to another division of the court if there is more than one division, or shall request a judge of the superior court of another county to preside at the trial of the action.

"B. Grounds which may be alleged as provided in subsection A for change of judge are:

\* \* \* \* \* \*

"5. That the party filing the affidavit has cause to believe and does believe that on account of the bias, prejudice, or interest of the judge he cannot obtain a fair and impartial trial."

The two leading cases in Arizona are: Arizona Conference Corp. of Seventh Day Adventists v. Barry, 72 Ariz. 74, 231 P.2d 426 (1951) and Marsin v. Udall, 78 Ariz. 309, 279 P.2d 721 (1955).

In Barry, the respondent judge had considered an involved preliminary matter, entertained extensive evidence, viewed the premises in question and he then announced his decision in relation thereto in favor of the Arizona Conference. The case differs from the matter under considera-

tion in that there was no view of premises in the case now before us. After Judge Barry rendered his decision on the preliminary matter, the parties opposed to the Arizona Conference, filed an affidavit of bias and prejudice which Judge Barry honored. The Supreme Court was then asked to prohibit the honoring of the claimed right of disqualification. The statutory section then involved was Section 21–107, A.C.A., 1939, which is now A.R.S. Section 12–409 quoted above. We present the following quotations from Barry:

"Under the Constitution a judge may assign a case to another judge to try without first being disqualified. \* \* \* That provision of the Constitution is not applicable when the judge has heard and ruled on contested matters.

"The second question is: Is prohibition the proper writ to prevent a judge who is not legally disqualified to try a case, because he has assumed jurisdiction and made rulings on litigated matters therein, from assigning that case to another trial judge? The answer is yes."

\* \* \* \* \* \*

"Third: May a judge disqualify himself after he has ruled on litigated matters where he is not biased and prejudiced, but solely for the reason that an untimely request based on bias and prejudice was filed against him? The answer is, no. \* \* \*"

In Marsin, the Barry case was carefully reviewed by the Arizona Supreme Court. In Marsin, the petitioner requested that the Arizona Supreme Court prohibit the respondent judge from presiding in a criminal case when he declined to honor an affidavit of bias and prejudice. The respondent judge, in his capacity as the assignment judge for Maricopa County, heard and determined numerous preliminary motions. Thereafter, a different judge assumed the duties of assignment judge and, pursuant to those duties, assigned the case for trial to the respondent judge. It was after this assignment that the affidavit of bias and prejudice was filed and the respon-

dent judge declined to honor the same placing reliance upon Barry. We quote portions of the opinion in the Marsin matter:

"* * * the principles of law by which we determine whether one had lost his right to a fair and impartial judge are, of course, the same whether the case be civil or criminal. * * *

"The Barry case ignored prior decisions of this court and adopted the rule of New Mexico. As we analyze the previous pronouncements of this court, it has been ruled that when evidence is taken, the right to challenge the judge on grounds of bias and prejudice is waived, if the evidence is to be used in the final determination of the case on its merits * * *.

"* * * the extent, therefore, that Arizona Conference Corp. v. Barry, supra, is authority for the proposition that a party permitting a judge to pass upon any litigated or contested matter whatever, either on motion or plea, waives his right to disqualify the judge, that case is expressly disapproved.

"* * * Voluminous evidence was taken, including the testimony of various witnesses and upon the request of all parties, the judge viewed the premises involved, examining the extent of construction and checking violations which had been testified to, thereby testing the accurate or oral testimony. * * * We think under these circumstances the result reached that the affidavit in that case was untimely filed was correct for the reason that the parties had permitted the judge to accept evidence which of necessity would have a bearing on final determination of the matter on its merits. * * * This physical evidence would necessarily be weighed against oral testimony submitted at the final hearing and might conflict therewith. The effect of all this was that Judge Barry had partially tried the issue to be ultimately decided. This does not mean that all evidence submitted on a preliminary motion would operate to shut off a subsequent affidavit of bias and prejudice. Evidence of collateral matters not bearing on the final decision cannot constitute a waiver of the right to challenge the fairness of a judge, but this court is committed to the rule that if a judge is allowed to receive evidence which of necessity is to be used and weighed in deciding the ultimate issues, it is too late to disqualify him on the ground of bias and prejudice. Allan v. Allan, supra [21 Ariz. 70, 185 P. 539]. The result reached in Arizona Conference Corp. v. Barry, supra, was correct for this reason only."

While it is true that Marsin was critical of the New Mexico rule which was cited in Barry, we deem the following quotation from the New Mexico case of State ex rel. Shufeldt v. Armijo, 39 N.M. 502, 50 P.2d 852 (1935) to be appropriate:

"We cannot permit a litigant to test the mind of a trial judge like a boy testing the temperature of the water in the pool with his toe, and if found to his liking, decides to take a plunge. The plunge into the pool of litigation with an affidavit disqualifying the trial judge must be made on a belief of prejudice theretofore entertained, and not on any subsequent discovery of such belief of prejudice resulting from an adverse ruling."

We are familiar with the Arizona cases of Pintek v. Superior Court, etc., 78 Ariz. 179, 277 P.2d 265 (1954); Hordyk v. Farley, 94 Ariz. 189, 382 P.2d 668 (1963) and State v. Neil, 4 Ariz.App. 258, 419 P.2d 388 (1966). Review has been granted in Neil and as of the writing of this opinion, the Arizona Supreme Court has not passed upon the matter.

■ It is our opinion that the statutory affidavit filed by Melendez in the first suit was filed too late and that paragraph numbered "1" of the respondent judge's order of 9 January 1967 is correct.

The response of the real parties in interest urges that the directive of the respondent judge contained in the 10 February

1965 order requires that he step aside and in support thereof they cite the case of Chastain v. Superior Court, etc., 14 Cal.App. 2d 97, 57 P.2d 982 (1936). The affidavit in question is a statutory affidavit and is not a proceeding of the type recognized in Hendrickson v. Superior Court, etc., 85 Ariz. 10, 330 P.2d 507, 73 A.L.R.2d 1235 (1958). We express no opinion in relation to the rights of the parties to proceed under the Hendrickson principles.

### CAUSE NO. 155878

■ The more difficult problem arises in connection with the right of Pioneer Transfer to disqualify the respondent judge. This right must be analyzed under the restrictive facts of this particular case. While it is true that Pioneer is a corporation, all of its stockholders are parties to the first suit. Pioneer was successful in its efforts to consolidate the two cases. Its officers and attorneys not only had knowledge of the order to show cause, its president in his individual capacity instituted the order to show cause. Pioneer and all of its stockholders, had actual knowledge of the order to show cause which was pending in the first suit at the time of the request for consolidation. The attorneys who represented Mr. and Mrs. Melendez and Pioneer, were the same attorneys who filed the first suit and instituted the procedural steps necessary for the order to show cause. Under these circumstances, we hold that Pioneer was in no better position to urge a disqualification of the respondent judge than was Melendez.

The issuance of the mandate in this matter will constitute a directive to the respondent judge prohibiting him from honoring the purported disqualification by affidavits of bias and prejudice in the consolidated causes.

DONOFRIO, J., and RENZ L. JENNINGS, J. (Retired), concur.

NOTE: Chief Judge JAMES DUKE CAMERON having requested that he be relieved from the consideration of this matter, Judge RENZ L. JENNINGS was called to sit in his stead and participate in the determination of this cause.