593 P.2d 289

Randall Pratt HUCK, Appellant,

v.

Ann Marie HARALAMBIE, formerly known as Ann Marie Huck, Appellee.

No. 2 CA–CIV 2854.

Court of Appeals of Arizona, Division 2.

July 14, 1978.

Rehearing Denied Sept. 11, 1978.

Review Granted Oct. 5, 1978.

Bilby, Shoenhair, Warnock & Dolph, P. C. by Dwight M. Whitley, Jr., Tucson, for appellant.

Sylvia R. Lafferty, Tucson, for appellee.

## OPINION

HOWARD, Judge.

On June 30, 1977, appellee filed a petition for modification of child support in the Superior Court of Pima County together with an order to show cause which the court ordered to be served upon the appellant. The date set in the order to show cause was August 8, 1977. The petition and order to show cause were mailed to appellant, who resided in Texas, on June 30, 1977. Sometime in July of 1977, appellant telephoned Mr. Woodford, his attorney of record in the original divorce proceeding, and mailed him a copy of the petition and order to show cause. Mr. Woodford advised appellant that he need not be present on August 8. It was his opinion that the petition and order to show cause were not properly served.

On August 8, 1977, when Judge Fisher called the case for trial, Mr. Woodford apprised the judge that he was there as a "friend of the court" and wished to point out that there was improper service and that Mr. Huck would not be present. There ensued an argument about the service of process. Then the following colloquy took place between Mr. Woodford and the court:

"THE COURT: Are you here as his attorney?

MR. WOODFORD: I am here as a friend of the Court.

THE COURT: Let's dispense with that. You were attorney of record and you have never been relieved as attorney of record. What is your capacity here today, are you here as Mr. Huck's attorney?

MR. WOODFORD: I am here to inform the Court there is no jurisdiction. I am here as a friend of the Court.

THE COURT: I don't think you have any real standing in that matter. We will proceed then with the order to show cause.

MR. WOODFORD: With the Court's permission, I shall withdraw.

THE COURT: You may proceed.

MS. LAFFERTY: Thank you, Your Honor.

MR. WOODFORD: Will the Court permit me to leave?

THE COURT: I don't know what you are here as. That is why I am not either granting permission or not granting permission. I really don't know if you are here as an attorney. If you are here as an attorney, you may not leave. If you are not here as an attorney, you are not in front of the Court and I have no jurisdiction to order you to stay or not to stay. I don't like game playing with the Court. If you are, in fact, Mr. Huck's attorney and Mr. Huck told you he got this notice and you are here in response to that notice or want to raise particular issues for the record, you may do so. If you are not Mr. Huck's attorney, frankly, I don't know exactly what you are doing here, and the Court will not tell you you are excused or not excused. I have no way of ordering you. As I say, I don't sit here and enjoy game playing. If you want to sit here and listen, you are welcome to. If you are not here for any particular reason, I just am at a loss to understand exactly what your position is.

MR. WOODFORD: Well, I am at a loss for the Court not making a ruling as to whether or not there has been proper legal service. If the Court isn't willing to make the ruling, then I would like to—

THE COURT: I can't make a ruling because I don't know what your position is. If, in fact, you are not his attorney, service was completed when they sent mail to him. If, in fact, you are his attorney, we have a different sort of problem. I am not going to sit and play games with you. I will proceed with the order to show cause.

MR. WOODFORD: If the Court please, before we proceed on this, under Rule 42–f, I request the Court disqualify itself.

THE COURT: Are you here as an attorney, sir?

MR. WOODFORD: Yes, ma'am.

THE COURT: I am getting very annoyed with you. In about two more minutes you are going to be in contempt of court. If you want a change of attorney, I have no problem, but the Court will refer the matter to the court administrator for another attorney. But I want an affidavit from you, it is supposed to be in writing, and before you come to court—

MR. WOODFORD: I didn't know I was going to be here. I thought I was in Judge Smith's court.

THE COURT: You didn't know you were going to be playing games until the Court ruled on something and you heard something you didn't like to hear. The Court will refer the matter to the presiding Judge to determine whether there is bias and prejudice on the part of this Court.

MS. LAFFERTY: One other question about the standing, therefore, as this motion—

THE COURT: It is my understanding, Mr. Woodford, you are the attorney of record.

MR. WOODFORD: The record may so reflect.

THE COURT: You are Mr. Huck's attorney?

MR. WOODFORD: Correct, it may so reflect.

THE COURT: The Court finds Mr. Woodford is still the attorney of record. Mr. Woodford avows to the Court that he is the attorney of record for Mr. Huck,

and Mr. Woodford at this time challenges the Court, for whatever reason I don't know, he didn't quite say. So the Court refers the matter to the presiding Judge to determine where the matter should be heard. Court stands at recess."

On August 15, 1977, the case was referred by the presiding judge back to Judge Fisher because at that time a proper motion to disqualify the judge had not been filed. On August 16, 1977, a minute entry reset the hearing for August 22, 1977 at 3:30 p. m.

On August 17, 1977, appellant's counsel filed with the court a notice of the taking of appellee's deposition which was set for August 26, 1977.

On the morning of August 19, 1977, Mr. Woodford received a copy of the minute entry which set the new hearing date. He immediately dictated a notice of change of judge and a motion for continuance with a cover letter addressed to the presiding judge. The file stamp of the Pima County Superior Court shows that the motions were stamped into the clerk's office at 11:57 a. m. on August 22, 1977.

The grounds for a continuance as stated in the motion were that Mr. Woodford would be in Denver, Colorado from August 20, 1977 to August 25, 1977 and that he had noticed the taking of appellee's deposition for August 26, 1977. Mr. Woodford did in fact leave for Denver on August 20, 1977 and did not return until August 24, 1977.

On August 22, 1977, some time prior to the time set for the hearing, the request for change of judge was honored and the case was referred for hearing before Judge Truman. The record does not indicate, however, that the motion for continuance was ever presented to Judge Truman. The case was called for trial, the appellee testified and the court granted an increase in the amount of child support payments. A copy of the minute entry was sent to Mr. Woodford.

On August 24, 1977, the trial court ruled on appellee's motion for a protective order which was received by Mr. Woodford on August 20, 1977 and noticed for hearing on August 24, 1977. Since the hearing on the merits had already been held, the trial court quashed the notice of the taking of deposition. Appellant's counsel did not appear and did not file any opposition.

Appellant filed a motion for rehearing alleging a lack of reasonable notice of the hearing set for August 22, 1977. This motion was accompanied by the affidavit of Wilmot Trew, Mr. Woodford's partner, which states, inter alia, that he was not able to be present on August 22, 1977 at 3:30 p. m. because he had a prior court hearing in Maricopa County Superior Court in the morning and had a luncheon engagement with some clients. It further states that at 1:45 p. m. he called the office of the presiding judge and was informed by his secretary that he was in the courtroom. The judge's secretary told him that the affidavit for change of judge had been received and would be honored and that he should call the court administrator's office to find out to whom the case had been assigned. He then called the court administrator's office and was told that the office would not have any actual knowledge of the change of judge for 24 hours.

The next minute entry which appears in the file is dated September 2, 1977 by Judge Fisher and is nunc pro tunc as of August 22, 1977. It denied appellant's motion for continuance and ordered that the matter be referred to another division. Appellant's motion for rehearing was heard by Judge Truman on October 24, 1977 and was denied on November 7.

Appellant contends that he did not have adequate notice of the resumption of the hearing on August 22. He claims that combined with the subsequent denial of his motion for continuance the inadequate notice denied him due process and the right to counsel guaranteed by the United States and Arizona Constitutions. He concludes that the trial court therefore abused its discretion when it denied his motion for rehearing. We do not agree.

Appellant does not contend and the record does not demonstrate that he did not have adequate time to prepare for the hear-

ing which was originally scheduled for August 8, 1977. No attempt was made to test the jurisdiction of the court prior to August 8, 1977. Instead appellant's counsel chose to instruct his client not to appear and when the case was called appeared as a "friend of the court". When it became evident that this tactic would not work, he then admitted that he represented appellant and made an oral motion for change of judge. This was not without risk; appellant's counsel should have been prepared to go forward with the hearing if his attack on the service of process was denied. Had the trial court merely referred the case to another judge on that same day, appellant would have been caught "flat footed". The hearing could have been commenced on the next day or any time thereafter yet counsel made no attempt prior to August 19, 1977 to contact appellant so that he could make arrangements with his employer to be present when the new date was ascertained. Instead, Mr. Woodford called Mr. Huck on the telephone on the 19th of August, and, being unable to contact him, prepared the motion for continuance.

The motion for continuance was itself insufficient. Had the trial court had an opportunity to rule prior to the hearing, it would not have erred in denying it since Mr. Woodford's trip to Denver, the nature of which is undisclosed, does not constitute grounds for a continuance. Nor did the need for a deposition constitute grounds since there was no showing that the deposition could not have been taken before the August 8, 1977 hearing date.

The risky business which appellant's counsel engaged in on August 8, 1977 was continued when Mr. Woodford mailed the motion for continuance to the superior court without knowing whether it would be granted or not, without contacting opposing counsel, without arranging for appellant and some other counsel to be present should it not be granted.[1] No other attempt of any kind was made by appellant's counsel

or his partner Mr. Trew to contact the court until approximately 2 hours prior to the hearing, at which time Mr. Trew did not think it necessary to find out whether the hearing had been continued. Furthermore, Mr. Trew could have been present prior to the time set for the hearing. His luncheon date did not have precedence.

Considering the whole course of conduct engaged in by appellant's counsel, the trial court could well have concluded that reasonable diligence was lacking. The court was therefore not arbitrary or capricious in denying the motion for rehearing. No constitutional rights were violated.

HATHAWAY, J., concurring.

RICHMOND, Chief Judge, dissenting:

I would vacate the trial court's orders and remand the modification petition for rehearing on the ground that appellant received inadequate notice of the August 22 hearing.

In passing, I find it highly irregular that appellant's motion to continue was denied, according to the record, by the judge who immediately thereafter honored appellant's notice of change of judge by referring the matter to another division.[1] Inasmuch as the alternative to a continuance under the circumstances was an immediate ex parte hearing on the merits, if there was to be a change of judge it should have occurred prior to any ruling on the motion. I realize the same issues ultimately were presented to another judge on the motion for rehearing, but I question whether the result might not have been different had they been presented prior to the taking of testimony on August 22.

I agree that the court would have been justified in proceeding with the hearing on August 8. Its failure to do so, however, does not alter the question before us: was the notice of the August 22 hearing so inadequate that it was an abuse of discretion to deny the motion for rehearing?

---

1. The record does not indicate that appellant could not have been contacted had a continuing effort been made to do so.

1. Minute entry of September 2, 1977, "Nunc Pro Tunc Aug. 22, 1977."

**70**

Taking into account that appellant resided out of state and his attorney's office is located in Phoenix, I cannot agree that one working day's notice to the attorney was adequate, regardless of the other factors considered by the majority. Accordingly, I respectfully dissent.