593 P.2d 286

**Randall Pratt HUCK, Appellant,**

v.

**Ann Marie HARALAMBIE, formerly known as Ann Marie Huck, Appellee.**

**No. 13978–PR.**

Supreme Court of Arizona, In Banc.

April 3, 1979.

**64**

Bilby, Shoenhair, Warnock & Dolph by Dwight M. Whitley, Jr., Tucson, for appellant.

Sylvia R. Lafferty, Tucson, for appellee.

STRUCKMEYER, Vice Chief Justice.

Appellee, Ann Marie Haralambie, was divorced from appellant, Randall Pratt Huck, in 1973. She filed a petition for modification of child support in the Superior Court of Pima County on June 30, 1977. From an order denying appellant's motion for continuance and from an order granting a modification of the decree of divorce, appellant brings this appeal. The Court of Appeals affirmed, 122 Ariz. 66, 593 P.2d 289 (App.1978). Opinion of the Court of Appeals vacated. Reversed.

Appellant Huck at the time of this proceeding resided in Texas. On August 8, 1977, Reid Woodford, Huck's attorney of record in the original dissolution proceedings, who practiced in Phoenix, appeared before Judge Lillian Fisher who was presiding at the modification hearing in Tucson. He told Judge Fisher that he was not counsel of record, but was appearing as a "friend of the court" to argue that there was improper service and to inform the court that petitioner was unable to appear at the hearing as originally scheduled. Judge Fisher ruled that Woodford had no standing to appear in the matter as a "friend of the court." At this point, Woodford asked the judge to disqualify herself from further participation in the proceedings and told the court that he was appellant's lawyer. Judge Fisher referred his request to the presiding judge for determination pursuant to Rule 42(f), Rules of Civil Procedure, 16 A.R.S. By Rule 42(f)1.(A), a judge may honor an informal request for change of judge.

The matter was returned on August 15, 1977 to Judge Fisher for "noncompliance with Rule 42" (presumably that part of Rule 42(f)1.(A) requiring that a pleading be filed). The next day, August 16th, Judge Fisher set a hearing on the motion for modification of the decree for Monday, August 22, 1977 at 3:30 p. m. Notice of the date of hearing was received in the mail by Woodford on Friday, August 19, 1977. Woodford at this time prepared a motion to continue the hearing and a written notice for change of judge. These motions were filed on Monday morning, the 22nd day of August, the day set for the hearing. The motion for continuance was bottomed on the fact that counsel for appellant was compelled to be in Denver, Colorado from the 20th to the 25th of August.

Judge Fisher first denied the motion for continuance and then ordered the matter transferred to another division of the Superior Court for determination. A hearing was immediately held at which neither appellant nor his counsel was present, and appellee's request for modification of the divorce decree was granted.

■ It is well settled in this jurisdiction that as soon as a pleading has been filed for change of judge, the judge who has been disqualified has no jurisdiction to do more than order the cause transferred to another judge. *Hordyk v. Farley*, 94 Ariz. 189, 382 P.2d 668 (1963), and cases cited. *See also* Rule 42(f)(3). But in the instant case, after the filing of appellant's request for change of judge, Judge Fisher first ordered appellant's motion for continuance

denied and then ordered a transfer to another judge. Appellant's motion for continuance should have been decided by the judge to whom the petition to modify was assigned. Judge Fisher had no jurisdiction to decide the motion for continuance.

Appellant's principal thrust in this appeal is that he was denied due process of law when he was only given one working day's notice of the hearing on the petition for modification.

■ Due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner. The United States Supreme Court, in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), said:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. [Citations omitted.] The notice must be of such nature as reasonably to convey the required information, * * * and it must afford a

reasonable time for those interested to make their appearance, * * *." 339 U.S. at 314, 70 S.Ct. at 657.

■ While one working day's notice may be sufficient in some circumstances to afford an opportunity to present objections, appellant lived in Texas and his attorney in Phoenix. The denial of the motion for continuance foreclosed any effective participation in the litigation by appellant personally and any assistance at all by his counsel. The motion for continuance should have been granted. Its denial was a denial of due process of law.

For the foregoing reasons, the order of modification is reversed and the cause is remanded for proceedings consistent with this decision.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.