NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

KIMBERLY B., *Appellant*,

*v.*

ARIZONA DEPARTMENT OF CHILD SAFETY,[1] P. B., *Appellees*.

No. 1 CA-JV 14-0030
FILED 06-26-2014

Appeal from the Superior Court in Maricopa County
No. JD510518
The Honorable Julia Lopez, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

The Stavris Law Firm, PLLC, Scottsdale
By Christopher Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Eric K. Knobloch
*Counsel for Appellee Arizona Department of Child Safety*

---

[1]     Pursuant to S.B. 1001, Section 157, 51st Leg., 2nd Spec. Sess. (Ariz. 2014) (enacted), the Arizona Department of Child Safety is substituted for the Arizona Department of Economic Security ("ADES") in this matter. *See* ARCAP 27.  To maintain consistency with the juvenile court record, however, we refer to ADES throughout the body of our decision.

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Margaret H. Downie joined.

---

**B R O W N**, Judge:

¶1        Kimberly B. ("Mother") appeals the juvenile court's order terminating her parental rights to her six-year-old daughter (the child). For the following reasons, we affirm.

### BACKGROUND

¶2        In October 2012, Child Protective Services received a report that Mother left the child at a shelter and requested that the child be picked up by a relative.  Two days later, the Arizona Department of Economic Security ("ADES") filed a dependency petition alleging that Mother was unable to parent her child because she abused illegal substances, had mental health issues, engaged in domestic violence, and neglected the child.  The juvenile court found the child dependent and set the case plan as family reunification.  ADES offered Mother various services, including substance abuse treatment, urinalysis testing, psychological evaluation, parent aide services, and visitation.

¶3        Mother failed to consistently participate in reunification services, and in October 2013 the juvenile court approved ADES's request to change the case plan to severance and adoption.  ADES then filed a motion for termination based on chronic substance abuse and nine months' time-in-care.

¶4        On November 18, 2013, the juvenile court held an initial severance hearing where the court provided Mother with a copy of Form III, Notice to Parent in Termination Action, which informed Mother of the potential consequences for failing to appear at a termination pretrial conference.  Mother confirmed that she understood the contents of the notice.  The court set the matter for mediation on January 7, 2014, and a subsequent pretrial conference on January 30, 2014.

¶5        On January 30, 2014, the juvenile court commenced the pretrial conference at 9:06 a.m.  Mother's counsel informed the court that she had received two voicemail messages earlier that morning from

Mother stating that the individual from Southwest Behavioral Support, who had planned to assist Mother with transportation to the hearing, told Mother the prior evening at 5:00 p.m. that he would be unable to take her to the pretrial conference due to an emergency. Mother's counsel also stated that the 8:30 a.m. hearing was "too early for [Mother] to get here with the bus." The court tried unsuccessfully to contact Mother and the individual from Southwest Behavioral Support.

¶6            ADES then asked the court to proceed with conducting a termination hearing in Mother's absence, explaining Mother had also failed to appear at the scheduled mediation and had notice of the consequences for her failure to appear at the pretrial conference. Mother's counsel acknowledged that Mother had received ADES's notice of hearing, but objected to proceeding without Mother because she had no transportation to the hearing. ADES responded that Mother had been admonished that failure to appear may result in a default, that she did not appear at the mediation as scheduled, and that she had contacted a caseworker stating she "had relapsed and wanted another three months to work the case." The court then granted ADES's request to proceed with the hearing in absentia.

¶7            ADES presented testimony from a caseworker regarding Mother's continuing substance abuse issues, her admission that she relapsed in December 2013, and that she does not have stable housing or income. The caseworker also testified that Mother declined her offer of transportation to the pretrial conference. At the conclusion of the hearing, the court stated its findings on the record and granted ADES's motion for termination. Mother filed a timely notice of appeal.[2]

---

[2]      Although Mother filed her notice of appeal prior to entry of the signed severance order, we have jurisdiction to consider her appeal. *See Craig v. Craig*, 227 Ariz. 105, 107, ¶ 13, 253 P.3d 624, 626 (2011) (confirming the "limited exception to the final judgment rule that allows a notice of appeal to be filed after the trial court has made its final decision, but before it has entered a formal judgment, if no decision of the court could change and the only remaining task is merely ministerial") (citation omitted).

**DISCUSSION**

**¶8**        Mother's sole argument on appeal is that the juvenile court violated her right to due process by conducting the termination hearing in her absence because she was unable to attend due to a lack of transportation.

**¶9**        We review alleged constitutional violations *de novo*.  *See State v. McGill*, 213 Ariz. 147, 159, ¶ 53, 140 P.2d 930, 942 (2006).  While we acknowledge that termination cases involve "[t]he fundamental liberty interest of natural parents in the care, custody, and management of their child," *Santosky v. Kramer*, 455 U.S. 745, 753 (1982), these parental rights are "not absolute."  *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶ 12, 995 P.2d 682, 684 (2000). "A court may order severance of parental rights under certain circumstances, so long as the parents whose rights are to be severed are provided with 'fundamentally fair procedures' that satisfy due process requirements."  *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 24, 110 P.3d 1013, 1018 (2005) (quoting *Santosky*, 455 U.S. at 754). Among these requirements are notice and the opportunity to be heard. *See Huck v. Haralambie*, 122 Ariz. 63, 65, 593 P.2d 286, 288 (1979).

**¶10**        It is undisputed that Mother had prior notice of the pending motion for termination of her parental rights and the scheduled pretrial conference.  Mother was also given notice that certain rights could be waived if she failed to attend the pretrial conference without demonstrating good cause. *See, e.g.*, Ariz. Rev. Stat. (A.R.S) § 8–535(E)(3) ("At the initial [termination] hearing, the court shall . . . [i]nstruct the parent that the failure to appear at the pretrial conference . . . may result in an adjudication terminating the parent-child relationship as to a parent who does not appear.").  Specifically, Form III of the Arizona Rules of Procedure for the Juvenile Court states in pertinent part:

> You are required to attend all termination hearings.  If you cannot attend a court hearing, you must prove to the Court that you had good cause for not attending.  If you fail to attend the . . . Pre–Trial Conference . . . without good cause, the Court may determine that you have waived your legal rights and admitted the grounds alleged in the motion or petition for termination.  The Court may go forward . . . in your absence, and may terminate your parental rights to your child based on the record and evidence presented.

At the hearing on November 13, 2013, a copy of Form III was provided to Mother and she acknowledged that she read and understood it. The minute entry from that hearing also included a notice that "[i]f a party fails to appear for the Pretrial Conference, the failure to appear may be deemed as an admission to all the facts in the petition and the Court may proceed to an adjudication of the ultimate issues." Mother therefore received notice of the consequences for failing to appear.

¶11 Furthermore, notwithstanding her failure to appear at the pretrial conference, Mother was given the opportunity to be heard through her counsel, who attended the hearing, objected to ADES's motion to proceed in absentia, and cross-examined the caseworker. *See Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 307, ¶ 25, 173 P.3d 463 (App. 2007) ("In the . . . scenario where the parent fails to appear but is still represented by counsel, the court may proceed in that parent's absence because his or her rights will be protected by the presence and participation of counsel."). Accordingly, the juvenile court did not violate Mother's right to due process by conducting the termination hearing in her absence.

## CONCLUSION

¶12 We affirm the juvenile court's order terminating Mother's parental rights to the child.



Ruth A. Willingham · Clerk of the Court
FILED: gsh