NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

TIFFANY ANN ROBLES, *Petitioner/Appellant*,

*v.*

ROLANDO R. PALENCIA, *Respondent/Appellee*.

No. 1 CA-CV 16-0452 FC
FILED 5-11-2017

Appeal from the Superior Court in Maricopa County
No. FC2011-007011
The Honorable Howard D. Sukenic, Judge

**VACATED AND REMANDED**

COUNSEL

Becker Zarling Law, Avondale
By Gina M. Becker-Zarling
*Counsel for Petitioner/Appellant*

Jordan Law LLP, Maricopa
By Mariam Jordan
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge James P. Beene joined.

---

**T H U M M A**, Judge:

¶1 Tiffany Ann Robles (Mother) appeals from the superior court's legal decision-making and parenting time order. Because written findings required by Arizona Revised Statutes (A.R.S.) section 25-403(B) (2017)[1] were not provided, the order is vacated and the case remanded.

### FACTS AND PROCEDURAL BACKGROUND

¶2 Mother and Rolando R. Palencia (Father), who never married, have three children together. After paying child support for several years, Father petitioned the superior court to establish legal decision-making and parenting time, and to modify child support. Both parties testified at an evidentiary hearing. Father requested joint legal decision-making and equal parenting time on a week-on, week-off basis. Mother requested joint legal decision-making with final decision-making authority. She asked the court to make her the primary residential parent and to grant Father parenting time one evening per week and every other weekend.

¶3 At the hearing, the court acknowledged the disagreement on (1) whether Mother should have final decision-making authority and (2) parenting time. The subsequent written ruling, however, indicates the parties had reached an agreement:

> The Court has considered the agreement of the parties and the factors under A.R.S. § 25-403. The parties have stipulated to a finding that the agreed upon plan is in the best interests of the Children.

The ruling, which awarded joint legal decision-making and equal parenting time on a 5-2-2-5 schedule, did not contain any written findings discussing

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

which § 25-403 factors the court considered or reference any evidence regarding those factors. Mother appealed, and this court has jurisdiction pursuant to A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶4**        Decisions regarding legal decision-making and parenting time are reviewed for an abuse of discretion. *See Owen v. Blackhawk*, 206 Ariz. 418, 420 ¶ 7 (App. 2003).

## I.        The Requirements Of A.R.S. § 25-403.

**¶5**        Mother argues the factors set forth in A.R.S. § 25-403 were not "properly considered." In determining legal decision-making and parenting time, Arizona law requires the consideration of "all factors that are relevant to the child's physical and emotional well-being" including the factors enumerated in § 25-403(A). A.R.S. § 25-403(A). If the issues of legal decision-making or parenting time are contested, "specific findings" must be made "on the record about all relevant factors and the reasons for which the decision is in the best interests of the child," regardless of whether a party requests such findings. A.R.S. § 25-403(B). This requirement "exists not only to aid an appellant and the reviewing court, but also for a more compelling reason—that of aiding all parties and the family court in determining the best interests of the child or children both currently and in the future." *Reid v. Reid*, 222 Ariz. 204, 209 ¶ 18 (App. 2009) (citation omitted). A determination on legal decision-making or parenting time made without the required findings is deficient as a matter of law. *See, e.g.*, *In re Marriage of Diezsi*, 201 Ariz. 524, 526 ¶ 5 (App. 2002); *Reid*, 222 Ariz. at 210 ¶ 20.

**¶6**        Because this case involves contested issues of legal decision-making and parenting time, findings under § 25-403, made on the record, were required but were not made. Accordingly, that portion of the order is vacated and remand is necessary so that the superior court can "perform the necessary statutory analysis." *Nold v. Nold*, 232 Ariz. 270, 274 ¶ 15 (App. 2013).

## II.     The Requirements Of A.R.S. § 25-403.02.

¶7          Mother argues awarding equal parenting time on a 5-2-2-5 basis, when neither party requested such a schedule, is error.[2] She further argues error in establishing a holiday schedule because "neither party testified to any holiday time or vacation time." Parents who disagree on parenting time must separately submit their proposed parenting plans. A.R.S. § 25-403.02(A). "If the parents are unable to agree on any element to be included in a parenting plan, the court shall determine that element." A.R.S. § 25-403.02(D). Although the parents' wishes should be considered, the decision must be guided by the best interests of the children. *See Dunbar v. Dunbar*, 102 Ariz. 352, 354 (1967).

¶8          Here, the parties did not agree on a parenting plan. Father separately submitted his proposed plan. Mother did not. Accordingly, the court was required to establish a parenting plan that included "[a] practical schedule of parenting time for the child, including holidays and school vacations." A.R.S. § 25-403.02(C)(3). Although it did not need to mirror either parent's request, the parenting plan adopted did not include required findings. Accordingly, it is vacated and on remand, the court should provide specific findings reflecting how the court's ruling on parenting time supports the best interests of the children.

## III.     Due Process.

¶9          Mother argues "[t]he parties were unable to present their cases as they saw fit and were unable to provide their testimony to the Court for determination." "Due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Huck v. Haralambie*, 122 Ariz. 63, 65 (1979). Here, both parents had an opportunity to testify and present evidence at the hearing. Mother chose to represent herself. When Mother hesitated in her presentation, the superior court appropriately prompted her. Having reviewed the transcript from the hearing, Mother has shown no abuse of discretion. *See Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 91 (App. 1998).

### CONCLUSION

¶10          The rulings regarding legal decision-making and parenting time are vacated, and the case is remanded for the superior court to make

---

[2] At the court's initiative, the parties discussed a possible 5-2-2-5 schedule at the evidentiary hearing and neither party testified that such a schedule would not be feasible.

specific findings on the record pursuant to A.R.S. § 25-403(B). In so doing, this court offers no opinion on the merits, recognizing that a weighing of the statutory factors may, or may not, yield a different outcome. *See Hart v. Hart*, 220 Ariz. 183, 186-87 ¶ 13 (App. 2009). Nor does this court direct additional evidentiary proceedings, unless the superior court determines they are necessary. *See id.* at 187 ¶ 14. Father's requests for attorneys' fees on appeal is denied; Mother is awarded her costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA