NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

STEPHANIE PEDROZA, *Petitioner/Appellant*,

*v.*

CORY PEDROZA, *Respondent/Appellee*.

No. 1 CA-CV 23-0655 FC
FILED 07-11-2024

Appeal from the Superior Court in Maricopa County
No. FC2013-009846
The Honorable Monica Edelstein, Judge

**AFFIRMED**

COUNSEL

Thomas A. Morton, Phoenix
*Counsel for Petitioner/Appellant*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Andrew M. Jacobs joined.

**T H U M M A**, Judge:

**¶1**          In this post-decree family court case, Stephanie Pedroza (Mother) appeals the superior court's order granting Cory Pedroza (Father) final legal decision-making authority, modifying equal parenting time, and modifying child support for their son, D.P. Mother also appeals the denial of her motion to alter or amend judgment. Because Mother has shown no error, the superior court's orders are affirmed, and her request for attorneys' fees and costs on appeal is denied.

## FACTS AND PROCEDURAL HISTORY

**¶2**          Mother and Father have one child in common, D.P., born in May 2011. In December 2013, Mother filed for dissolution of marriage. After hearing from both parties, the court issued a consent decree of dissolution in October 2014. Among other provisions, the decree required Father to pay $355 in monthly child support, established joint legal decision-making and awarded Father less than equal parenting time. At Mother's request, child support was modified once in 2018.

**¶3**          Mother petitioned to modify child support again in September 2022, amending her petition in October 2022. Father opposed that petition and counter-petitioned to modify legal decision-making authority, parenting time and child support. The court then set an evidentiary hearing for June 2023. As discussed below, Mother failed to make required pretrial disclosures and also failed to cure that lack of compliance during the hearing, where both parties testified.

**¶4**          Although asking that child support be modified, Mother asked that the parenting time and joint legal decision-making orders in the decree remain in place. She also testified, however, that the parties had not been following the parenting time orders in the decree given Father's work schedule and the desire for D.P. to spend time with his brothers at Father's house. In support of his counter-petition, Father testified that Mother often made unilateral decisions about D.P., such as enrolling him in a new school and extracurricular activities, without consulting Father. Father also testified that he has been asking Mother for equal parenting time for several years, but she has consistently refused.

**¶5**          The court's subsequent ruling set forth several findings, including a change in circumstances affecting the child's welfare. The court noted that "the best interest of the children is the primary consideration in awarding legal decision-making authority and parenting time" before

analyzing the factors enumerated in Arizona Revised Statute (A.R.S.) § 25–403 (2024)[1] in making its best interests findings. The court made findings that "[b]oth Parties appear to have a close, loving, and bonded relationship" with D.P., but that D.P. was struggling in school and had poor attendance. The court also raised concerns that "Mother has not been forthcoming or truthful with respect to her income and household earnings."

¶6  The order affirmed joint legal decision-making but found that awarding Father final legal decision-making authority was in D.P.'s best interests because Mother "is not open to reasonable discussions on adjustments/modifications as Child grows and the day-to-day circumstances change." The court also found that "establishing a steadier routine across two households is better for [D.P.'s] long-term growth and well-being." Accordingly, the court changed parenting time to equal parenting time on a 5/2/2/5 schedule, with a corresponding modification in child support. The court also awarded Father attorneys' fees and costs under A.R.S. § 25-324.

¶7  Mother filed a motion to alter or amend the judgment, which the court denied. This court has jurisdiction over Mother's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031 and 13-4033(A).

## DISCUSSION

¶8  Father did not file an answering brief, which could be considered a confession of error. *Gibbons v. Indus. Comm'n*, 197 Ariz. 108, 111 ¶ 8 (App. 1999). This court may, however, exercise its discretion to waive this general rule and address the merits of an appeal absent an answering brief. *Id.* Because this case implicates the best interests of a child, this court addresses Mother's arguments on the merits.

## I.  Mother Has Not Shown the Superior Court Erred in Addressing Her Exhibits.

¶9  Mother argues the court erred in precluding her from submitting any "exhibits at all for the sole reason that she submitted her exhibits late." The superior court has "broad discretion in ruling on discovery and disclosure matters," and this court will review those rulings for an abuse of discretion. *Link v. Pima County*, 193 Ariz. 336, 338 ¶ 3 (App. 1998). Pointing to *Hays v. Gama*, 205 Ariz. 99 (2003), Mother asserts that the

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

superior court "must not exclude evidence of the child's best interest, which leads to a less-informed decision, because a parent failed to follow a court order."

¶10          Contrary to Mother's argument, the superior court did not preclude her from submitting exhibits given her tardy disclosure. At trial, Mother stated that her exhibits were not marked and asked the court how she should proceed. The court noted that unmarked exhibits were not timely received under the court's orders. The court then offered her alternatives. The court stated it would take judicial notice of a document previously filed. The court also stated it would allow Mother to provide foundation for specific exhibits at trial and rule on any objections then.

¶11          Mother sought to offer just one exhibit at trial. After Mother testified that she sought to enroll D.P. in a school because of its ranking, she moved to mark and admit a screenshot of school rankings into evidence. The court denied the motion and did not admit the screenshot, explaining that Mother's exhibit was "late, it wasn't filed timely and the Court has not heard why it's critically important, something statutorily the Court needs to consider." Mother responded by moving on. She did not seek to admit any other exhibits into evidence, opting instead to use Father's timely-marked exhibits. The court also took judicial notice of Mother's Affidavit of Financial Information and the consent decree. For these reasons, Mother is incorrect in arguing the superior court "allowed [her] to submit no exhibits at all."

¶12          On appeal, Mother argues her proposed exhibits included communications between the parties and information on D.P.'s current school and Father's proposed schools. But those proposed exhibits are not part of the record. Nor does Mother show how her proposed exhibits differ from Father's exhibits, admitted without objection, that she used at trial. Mother has not shown "what additional evidence [s]he would have presented, or how it would have affected the trial court's decision." *In re Marriage of Dorman*, 198 Ariz. 298, 303 ¶ 13 (App. 2000).

¶13          Finally, Mother argues her due process rights were violated because she was denied "the opportunity to present her exhibits." "Due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *Huck v. Haralambie*, 122 Ariz. 63, 65 (1979). Here, Mother had an opportunity to timely disclose and have marked exhibits, which she failed to do. Mother then had an opportunity to offer exhibits at trial, which she attempted once. Mother used exhibits Father had admitted without objection, and the court took judicial notice of some prior

filings. Mother also testified and, as discussed above, had an opportunity to present her exhibits, even if she did not take advantage of that opportunity. On this record, Mother has shown no denial of due process.

## II. Mother Has Not Shown the Superior Court Erred in Modifying Parenting Time.

¶14 This court reviews an order modifying parenting time for an abuse of discretion. *Baker v. Meyer*, 237 Ariz. 112, 116 ¶ 10 (App. 2015). In doing so, "[t]his court views the evidence in the light most favorable to upholding the superior court's orders and will affirm findings if reasonable evidence supports them," *Smith v. Smith*, 253 Ariz. 43, 45 ¶ 9 (App. 2022), given the superior court is "in the best position" to observe the parties, *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334 ¶ 4 (App. 2004).

¶15 Mother argues the superior court improperly "applied a presumption that a parenting plan will be equal time," even though Arizona law imposes no such presumption. The court's ruling does state that "[t]he law presumes an equal plan in the absence of concerns for a Child's physical and emotional well-being." Courts have historically indicated there is a presumption of equal time as a "short-hand explanation of a more comprehensive constitutional and statutory analysis," rather than an actual legal presumption. *Smith*, 253 Ariz. at 46 ¶ 14. Here, like in "other cases using the presumption language, the parents did not bear a specific burden of proof to overcome presumed equal parenting time." *Id.* at 46 ¶ 17. The mere use of this shorthand does not establish an abuse of discretion, especially in light of the other evidence supporting the superior court's best interests findings. *See id.*

¶16 Moreover, courts are directed to maximize time with each parent if it is in the child's best interests. *Id.* at 47 ¶¶ 14-19. The superior court has "discretion to determine parenting time based on all the evidence before it," *id.* at 47 ¶ 18, and it may modify a parenting time order "whenever modification would serve the best interest of the child," A.R.S. § 25–411(J).

¶17 Mother is right that "the Arizona courts consider best interests" in determining parenting time, and that is exactly what the court did here. The court made specific findings about all the factors set forth in A.R.S. § 25-403, and analyzed those findings, concluding that "it is not in Child's Best Interest to continue to have unequal time with both parents." The court provided reasons for its findings and explained that "establishing a steadier routine across two households is better for Child's long-term

growth and well-being." Moreover, the findings are supported by the trial evidence.

¶18 Mother also argues the superior court "imposed the burden of proof on Mother to demonstrate why equal time is not in the child's best interest." Yet Mother fails to provide any citations to the record supporting such an argument. And what Mother perceives as an unfair burden is consistent with Arizona law, which views equal parenting time as a "starting point for the superior court's best-interests analysis." *Smith*, 253 Ariz. at 47 ¶ 17.

¶19 Finally, Mother argues the superior court considered "fitness and safety issues as being the only acceptable reasons for opposing an equal time plan." But contrary to Mother's assertions, the court analyzed all the A.R.S. § 25-403 factors, which extend far beyond fitness and safety, in assessing D.P.'s best interests concerning parenting time. As Mother concedes, the court "shall consider all factors that are relevant to the child's physical and emotional well-being, including" those set forth in A.R.S. §25-403(A), "such as relationships with each parent, relationship with others in the household, and adjustment to home, school and community."

¶20 The superior court found that "[b]oth Parties appear to have a close, loving, and bonded relationship with" D.P. and that "[b]oth Parties report that [D.P.] is well-adjusted to their households and gets along with Stepparents and step siblings." In supporting its conclusion, the court also made findings that it "does not find Mother's assertions that [D.P.] is comfortable and adjusted to her household and would not be as comfortable with Father to be persuasive." The evidence supports these findings. Thus, Mother has not shown error.

### III. Mother Has Not Shown the Superior Court Erred in Its Factual Findings.

¶21 A decision regarding legal decision-making authority is reviewed for an abuse of discretion. *See Owen v. Blackhawk*, 206 Ariz. 418, 420 ¶ 7 (App. 2003). This court does not reweigh the evidence and construes the evidence in the light most favorable to affirming the ruling. *Hurd v. Hurd*, 223 Ariz. 48, 52 ¶¶ 16, 19 (App. 2009). The superior court's ruling will be affirmed if there is substantial evidence in the record supporting that ruling, *id.* at 52 ¶ 16, and this court accepts the superior court's factual findings unless clearly erroneous, *In re Marriage of Gibbs*, 227 Ariz. 403, 409 ¶ 16 (App. 2011).

¶22         Mother argues the superior court's findings are "contrary to the evidence," specifically objecting to the finding that "Mother is in the habit of substituting her own preferences for [the court's] orders," which contributed to the court's award of final decision-making authority to Father. To support her argument, Mother points to several text messages between her and Father and seeks to offer her view of the context surrounding the messages. In doing so, she is essentially asking this court to reweigh the evidence, something this court will not do. *Hurd*, 223 Ariz. at 52 ¶16. On this record, Mother has not shown the court's ruling is an abuse of discretion.

**IV.     Mother Has Not Shown the Superior Court Erred in Modifying Child Support.**

¶23         The superior court has broad discretion in determining child support, and this court will review the award for an abuse of discretion. *Nash v. Nash*, 232 Ariz. 473, 478 ¶ 16 (App. 2013). On appeal, Mother argues the superior court "applied an incorrect factor" of her household income in determining child support, implying the court used her current spouse's income as a factor in its calculations. Mother, however, fails to provide any citations to the record indicating that the superior court considered her household income or her current spouse's income in determining child support. "Merely mentioning an argument in an appellate opening brief is insufficient." *MacMillan v. Schwartz*, 226 Ariz. 584, 591 ¶ 33 (App. 2011). Defendants' failure to meaningfully develop such an argument constitutes abandonment and waiver. *Id.*; *see also Ace Auto. Products, Inc. v. Van Duyne*, 156 Ariz. 140, 143 (App. 1987) ("It is not incumbent upon the court to develop an argument for a party.").

¶24         Notwithstanding waiver, the court found "Mother has not been forthcoming or truthful with respect to her income and household earnings." But the court made this reference to her "household earnings" when considering whether she may have "intentionally misled the Court," not for the purpose of determining child support. By contrast, the superior court refers specifically to Mother's individual income in its child support order, finding:

> There are numerous cash deposits into her bank accounts that are not accounted for on the submitted [affidavit of financial information] and that call into question the veracity of Mother's assertions that she is not earning income as a real estate agent. There is no way to

verify Mother's true income, however, and
given the other factors and Father's ability to
support Child, no Child Support is reasonable.

¶25 While Mother objects to the consideration of her current spouse's income, she did not provide copies of her bank statements, which Father had requested for the hearing. Asserting she did not have bank statements, Mother instead provided her husband's bank statements. Mother then testified she deposited cash into that bank account. Based on the evidence presented, the court found that "Father demonstrated through bank records that there are large cash deposits to Mother's joint accounts with her Husband that are significantly higher than as reported on her" affidavit of financial information. The court also found "Mother filed the instant case solely looking to modify Child Support and then fai[le]d to meaningfully disclose and provide accurate financial information." For these reasons, including that Mother failed to provide clear financial information, she has also failed to show the court abused its discretion in determining child support.

## V.    Attorneys' Fees and Costs.

¶26 Mother seeks an award of attorneys' fees and costs under ARCAP 21. Because ARCAP 21 does not provide an independent basis for a fee award, and because Mother is not the prevailing party on appeal, her request is denied.

### CONCLUSION

¶27 The superior court's order is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV

8