NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

FRANCES GOETZINGER-AMENDT, *Petitioner/Appellant*,

*v.*

SARAH R. GOETZINGER-POE, *Respondent/Appellee,*

*and*

FAYDE M. RIGGIN, *Respondent/Appellee*.

No. 1 CA-CV 25-0172 FC

FILED 11-25-2025

Appeal from the Superior Court in Maricopa County
No.  FC2024-070182
The Honorable Jillian Francis, Judge

**AFFIRMED**

COUNSEL

Frances Goetzinger-Amendt, Protected Address
*Petitioner/Appellant*

Sarah R. Goetzinger, Surprise
*Respondent/Appellee*

Fayde M. Riggin, Protected Address
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Angela K. Paton delivered the decision of the Court, in which Judge Daniel J. Kiley and Judge Brian Y. Furuya joined.

---

**P A T O N**, Judge:

**¶1**		Frances Goetzinger-Amendt ("Grandmother") appeals the superior court's order denying her petition for grandparent visitation.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**		In February 2024, Grandmother petitioned for third-party visitation rights to her grandchild, C.G., who was born in 2022.  The court set a hearing, also involving C.G.'s unmarried parents, Sarah Goetzinger-Poe ("Mother") (Grandmother's daughter) and Fayde Riggin ("Father").[1]

**¶3**		At the start of the hearing, the court noted each side would receive "a little under 30 minutes to present their evidence and testimony."  The court said it would do its "best to adjust the time . . . based upon how much everyone [was] speaking."

**¶4**		Grandmother sought permission to allow her "moral character" witness to appear telephonically and claimed she had filed a request to that effect.  The court noted it did not have a copy of the request.  Opposing counsel acknowledged she received it the previous evening at 5:44 p.m., and the courtroom clerk noted she "believe[d]" the court received a copy.

**¶5**		Grandmother used all of her allotted time to testify, despite the court reminding her, when two minutes remained, that her allotted time was almost used up.  During Mother's testimony, she moved to admit a police report in which Grandmother alleged Father molested L.G.  Grandmother objected, and the court admitted it over her objection.  The report noted that after investigating Grandmother's complaint, "there was no evidence to support the allegations[.]"  Mother testified to the report's lack of veracity, namely that it was not physically possible for Grandmother to have witnessed the alleged incident because "[Grandmother] wouldn't

---

[1] Although the hearing included Grandmother's visitation request with her other grandchild, L.G., L.G. is not part of this appeal.

have been in the room at all" during the time of the alleged incident, the police found no support for the allegations according to medical records Mother provided, the Department of Child Safety did not get involved, and Grandmother made the report for improper reasons.

**¶6** After Mother and Father testified, Mother called a family friend ("Friend") who has known C.G. since birth to testify regarding her observations of the parents' relationship with C.G.

**¶7** In denying Grandmother's visitation request, the superior court noted it considered the evidence presented during the hearing, including parents' testimony about Grandmother's "animosity towards Father and false claims of abuse." It analyzed the requisite statutory third-party visitation and best-interest factors and found Grandmother did not meet her burden to show that visitation with C.G. is in the child's best interests.

**¶8** Grandmother timely appealed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") Section 12-2101(A)(1).

## DISCUSSION

**¶9** Grandmother argues the superior court erred when it (1) denied her request to allow her witness to testify telephonically, (2) admitted the police report over her objection, (3) denied her the opportunity to cross-examine Friend, and (4) considered Mother's testimony about Grandmother's mental health without competent medical evidence that she has any mental health issue that would impact her ability to care for C.G. She asks us to reverse the court's decision and order a new trial.

**¶10** We note at the outset that Grandmother's opening brief does not include any citations to the record and includes citations to cases without indicating how they support her arguments. Likewise, Mother's and Father's answering briefs do not fare much better. Arizona Rule of Civil Appellate Procedure ("ARCAP") 13 requires appellate briefs to include an argument containing the parties' contentions about the issues presented, along with supporting reasons and citations to the record and legal authority. ARCAP 13(a)(7) (setting out requirements for arguments in opening briefs), (b)(1) (applying ARCAP 13(a) requirements to answering briefs). We hold self-represented litigants to the same standards as attorneys. *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022). We may find that a party who fails to comply with ARCAP 13 has waived their arguments. *See Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009). Nevertheless, because a child's best interests are at stake, we exercise our discretion to address Grandmother's arguments and Mother's and Father's

responses, to the extent we can discern them.  *See Nold v. Nold*, 232 Ariz. 270, 273, ¶ 10 (App. 2013).

**I.     The superior court did not err in denying Grandmother's request to allow her witness to testify telephonically at the hearing.**

**¶11**         Grandmother argues the court erred by denying her request for her character witness to testify telephonically, arguing it "directly affected [her] rights and the negative outcome of [the] petition."  Mother and Father argue Grandmother's request was untimely because it was submitted the night before trial.

**¶12**         We review the superior court's evidentiary rulings for abuse of discretion.  *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 23 (App. 2019).  This includes the court's discretion to control a witness's manner of testimony because the conduct and control of court proceedings are within the superior court's discretion.  *See Rutledge v. Ariz. Bd. of Regents*, 147 Ariz. 534, 543 (App. 1985).

**¶13**         Arizona Rule of Family Law Procedure 8(c) gives the superior court discretion to allow a witness to testify telephonically if "it would not substantially prejudice any party."  ARFLP 8(c).  But a party must file a request for a witness to appear telephonically "within a time that allows the opposing party a reasonable opportunity to respond."  ARFLP 8(d).

**¶14**         Here, Grandmother admits she filed the request after 5:00 p.m. the evening before the hearing.  And she does not dispute the court's statement that it did not see the request in the docket the morning of the hearing; in fact, the request does not appear in the record on appeal, and Grandmother does not provide any record citation to it.  Even assuming Grandmother filed the request, she failed to do so within a time that allowed Mother and Father a reasonable opportunity to respond because she filed it after business hours the evening before the hearing was scheduled to begin.  And she cites no legal authority to support her position that the superior court abused its discretion in denying it.  We discern no error.

**II.    The superior court did not deny Grandmother her right to object to the admission of the police report, nor did it err in admitting the police report into evidence over her objection.**

**¶15**         Grandmother next contends the superior court deprived her of her right to object and legally erred in overruling her hearsay objection to the police report.  We review the superior court's evidentiary rulings for abuse of discretion.  *Lehn*, 246 Ariz. at 284, ¶ 23.

**¶16** The superior court did not deprive Grandmother of her right to object; the transcript indicates she objected to admission of the police report. And the court did not abuse its discretion in overruling her hearsay objection to the admission of the police report because Grandmother did not invoke strict compliance with the Arizona Rules of Evidence, and therefore, hearsay was admissible. *See Woyton v. Ward*, 247 Ariz. 529, 533, ¶ 16 (App. 2019) (hearsay is admissible in family court proceedings unless a party requests strict compliance with the Arizona Rules of Evidence); ARFLP 2(a), (b)(1) (hearsay rules do not apply unless a party "file[s] a notice to require compliance with the Arizona Rules of Evidence" at least 45 days before the hearing). We discern no error.

### III. The superior court did not err by not allowing Grandmother to cross-examine a witness.

**¶17** Grandmother next argues the court erred by not allowing her to cross-examine Friend. Mother and Father respond that Grandmother was unable to cross-examine the witness because she chose to use all of her allotted time to testify.

**¶18** The superior court has discretion over the management of its docket. *Backstrand v. Backstrand*, 250 Ariz. 339, 346, ¶ 29 (App. 2020). But we review de novo whether a party was afforded due process. *Id.* at ¶ 28. A court violates a party's due process rights "when the time available for each necessary witness does not allow for . . . efficient but adequate cross-examination." *Volk v. Brame*, 235 Ariz. 462, 468, ¶ 21 (App. 2014).

**¶19** Due process includes a party's right to notice and the opportunity to be heard. *Huck v. Haralambie*, 122 Ariz. 63, 65 (1979). We must balance this right against the superior court's discretion to manage its docket. *Backstrand*, 250 Ariz. at 346, ¶ 29. A court does not need to "indulge inefficient use of time by parties." *Volk*, 235 Ariz. at 469, ¶ 22. But it "abuses its discretion when it adheres to rigid time limits that do not permit adequate opportunity for efficient direct testimony and cross-examination." *Id.* at 464, ¶ 1.

**¶20** Here, it is not apparent from the record that Grandmother actually sought to cross-examine Friend. After permitting Father to cross-examine the witness, the court stated, "[a]nd [Grandmother], you've used your time." But nothing in the transcript indicates that Grandmother expressly asked to cross-examine Friend or asked the court for additional time to do so.

**¶21** Further, the court instructed Grandmother at the start of the hearing that she could "ask . . . questions on cross-examination." But

Grandmother opted to continue testifying after receiving the court's two-minute warning rather than reserve her remaining time for cross-examination. We discern no error.

## IV. The superior court did not make a factual finding about Grandmother's alleged mental health issues.

**¶22**        Grandmother argues the superior court erred by "considering Mother's testimony that Grandmother has 'mental health issues.'" She claims that "Mother provided no documentation or any proof Grandmother [had] 'mental health issues' [that] directly or significantly impair [her] judgement [sic], behavior, or ability to meet the child's needs."

**¶23**        We defer to the superior court's credibility determinations and accept its findings of fact if supported by reasonable evidence. *Lehn*, 246 Ariz. at 284, ¶ 20; *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 151, ¶ 18 (2018).

**¶24**        In its order, the superior court concluded that Grandmother had not met her burden of showing that visitation between her and C.G. was in the child's best interests in light of Mother's and Father's opposition to it, as well as their "valid concerns" about Grandmother's "animosity towards Father and false claims of abuse." The superior court's only mention of Grandmother's alleged "mental health issues" was in summarizing Mother's testimony regarding Grandmother's alleged "mental issues"; it did not expressly find Grandmother was mentally disabled. We discern no error.

## CONCLUSION

**¶25**        We affirm.

